MARGARET SULLIVAN *vs.* ROBERT NORTHRIDGE.

Worcester.   September 24, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Landlord and Tenant,* Landlord's duty as to roof of piazza.   *Negligence,* Of one owning or controlling real estate.

The roof over a piazza adjoining a second floor tenement of a two-story house, which, while it was separate from the roof covering the main house, covered both the piazza adjoining the second floor tenement and that adjoining the first floor tenement and extended a foot beyond the front line of the house, was not included in the premises let to a tenant at will of the second floor tenement but remained in the control of the owner of the house, who owed to the tenants and members of their families the duty of using reasonable care to keep it in as good a condition as it apparently was in at the time of the letting; and if, by reason of a negligent failure by the owner of the building to keep such piazza roof in repair, it falls and injures a member of the family of the tenant of the second floor tenement, the owner may be held liable for such personal injuries.

TORT against the owner of a building for personal injuries received when the plaintiff was struck by the falling of a roof which was over a piazza on the second floor, occupied by the plaintiff's father as a tenant.   Writ dated April 8, 1920.

In the Superior Court, the action was tried before *King,* J. Material evidence is described in the opinion.   At the close of the evidence, on motion by the defendant, a verdict was ordered in his favor.   The plaintiff alleged exceptions.

*J. C. Mahoney,* for the plaintiff.

*C. W. Proctor,* (*J. C. McDonald* with him,) for the defendant.

DECOURCY, J.   The plaintiff's father, with whom she lived, was tenant at will of the second floor tenement in a two-story house owned by the defendant.   On February 24, 1920, she went out on the piazza to take some clothes from the clothes reel, when the piazza roof suddenly fell upon her, causing the injuries complained of.   There was evidence that the plaintiff's parents occupied this upper floor when the defendant purchased the property; that the premises were then in good condition; that about ten months prior to the accident the defendant removed a pipe

which had carried the water from the roof, and " put new boards on the roof where he pulled the pipe out;" that thereafter the piazza roof leaked, and after the accident the timbers of this roof were found " split and looked water soaked and rotten." At the close of the plaintiff's evidence the trial judge directed a verdict for the defendant.

The controlling question in the case is whether this piazza roof was included in the premises let to the second floor tenant, or whether the defendant retained the control, and consequently owed the plaintiff, as a member of the tenant's family, the duty of using reasonable care to keep it in such condition as it apparently was in at the time of the letting, as in the case of common entrances, halls and stairways. On the evidence disclosed, the landlord would not be legally liable to the plaintiff if the control of the roof, like that of the piazza floor and railing were in the tenant, and the plaintiff has not put her case on that ground. See *Conahan* v. *Fisher*, 233 Mass. 234. The evidence, however, would warrant the jury in finding that the defendant retained control of the roof when he let the tenements to different tenants; and that he exercised that control during the tenancy. And there was testimony that " the roof of the piazza and the roof of the house were one and the same." Even if the portion of the roof covering the piazza were separate from that covering the main house, as some evidence tended to show, it still could be found that the defendant retained control over it. This roof covered both the upper and the lower piazza, and extended a foot beyond the front line. It was no more limited to the upper piazza than was the roof of the house limited to the upper tenement.

The evidence entitled the plaintiff to go to the jury on the claim that the defendant retained control of the piazza roof, and that the injury to the plaintiff was caused by his negligent failure to keep it in repair. *Milford* v. *Holbrook*, 9 Allen, 17. *Shipley* v. *Fifty Associates*, 101 Mass. 251. *Wilcox* v. *Zane*, 167 Mass. 302. *Andrews* v. *Williamson*, 193 Mass. 92. *Marston* v. *Phipps*, 209 Mass. 552. *Gilland* v. *Maynes*, 216 Mass. 581. *Hilden* v. *Naylor*, 223 Mass. 290.

*Exceptions sustained.*