MARGARET SULLIVAN *vs.* WILLIAM H. NORTHRIDGE,
executor.

Worcester. September 23, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Landlord and Tenant*, Landlord's duty as to roof of piazza. *Negligence*, Of one owning or controlling real estate. *Practice, Civil*, Exceptions, Charge to jury.

At the trial of an action for personal injuries against the owner of a two tenement dwelling house by a member of the family of the tenant of the second floor apartment therein, there was evidence tending to show that the injuries resulted from a fall of a roof over a piazza adjacent to the tenement in question, which was used by the tenant, that the roof fell because the defendant had been negligent in making repairs after the tenancy had begun, and that the roof was not a part of the premises

let to the tenant but that the defendant retained it in his possession and control. *Held*, that it was proper to refuse to order a verdict for the defendant and that a verdict for the plaintiff was warranted.

In the course of the charge to the jury in the action above described, the judge stated: "And while the landlord is not required to make repairs unless the contract required him to do so, yet nevertheless, if he undertakes and does make repairs and does it in a careless manner, unskilful work, or in any way did that which might be deemed negligent, then he is liable for the repairs he made if it results in injury to another." The defendant excepted to such instruction. Before and after the quoted statement and also after the close of the charge, the judge clearly stated that there could be no recovery by the plaintiff unless the defendant had retained possession and control of the piazza roof in question. *Held*, that, although the quoted instructions standing alone were misleading and erroneous, taken with the rest of the charge they were not misleading, and, the defendant not having been harmed, the exception must be overruled.

TORT against the owner of a building for personal injuries received when the plaintiff was struck by the falling of a roof which was over a piazza on the second floor, occupied by the plaintiff's father as a tenant. Writ dated April 8, 1920.

The declaration was in two counts. In the first count the plaintiff alleged that the defendant maintained, controlled, managed and used the property numbered 167 Salem Street in Worcester, occupied in part by the plaintiff's father as a tenant, in a negligent and careless manner, which caused the plaintiff's injury. In the second count the plaintiff alleged that, while removing clothes from the clothes line on the piazza in question, she was injured owing to a collapse of a part of the building.

The action first was tried in the Superior Court before *King*, J., when, by order of the judge, a verdict was returned for the defendant and exceptions by the plaintiff to that ruling were sustained by this court in an opinion reported in 246 Mass. 382.

After the first trial, the defendant Robert Northridge died, and William H. Northridge, the executor of his will, was admitted to defend the action.

There was a second trial before *Irwin*, J. Material evidence is described in the opinion. At the close of the evidence, the plaintiff was permitted to amend the declaration

by striking out the second count. The defendant moved for a verdict in his favor on the first count. The motion was denied.

The defendant then asked for the following rulings:

"2. If the jury find that the roof which fell, causing the injury to the plaintiff, is a protection for the upper piazza only then the plaintiff can recover only upon the proof that defendant's testator or his servants or agents were guilty of gross negligence in the repairing of the said roof.

"3. There is no evidence of the gross negligence of either the defendant's testator or his servants or his agents."

"6. The only evidence of the negligence of the defendant is the fact that he took down a water spout and eaves trough on or near the piazza roof some eight or ten months before the accident and in order for the plaintiff to recover the jury must find from a preponderance of the evidence that the taking down of the eaves trough and water spout caused the wood of the roof to become rotten so that it fell because of such rotten conditions and that this rot developed between the time of the taking down of the eaves trough and water spout and the time of the falling of the piazza roof."

The requests numbered 2 and 3 were given in substance. At the close of the charge, the judge further instructed the jury as to the request numbered 6 as follows:

"At the request of the defendant, and I thought I did say, if the jury find that the roof which fell causing the injury to the plaintiff is a protection for the upper piazza only then the plaintiff can recover only upon proof that the defendant's servant or agent was guilty of gross negligence in the repairing of said roof. The only evidence of negligence of the defendant is the fact that he took down the water spout and eaves troughs on or near the piazza roof some eight or ten months before the accident. In order for the plaintiff to recover the jury must find from the preponderance of the evidence that the taking down of the eaves troughs and water spouts caused the wood of the roof to become decayed or rotten so that it fell because of such rotten condition, and that this rot developed between the time of the taking down of the eaves troughs and water spout and the time of the falling of

the piazza roof.    There is no evidence of gross negligence in the case as I observe it and I so rule."

There was a verdict for the plaintiff in the sum of $4,900. The defendant alleged exceptions.

*C. W. Proctor*, (*J. C. McDonald* with him,) for the defendant.

*J. C. Mahoney*, (*J. J. Moynihan* with him,) for the plaintiff.

BRALEY, J.    The plaintiff while in the exercise of due care suffered personal injuries from the fall of a piazza roof connected with a two tenement brick building owned by the defendant's testator, who died after the first trial, where a verdict in his favor was directed, which was set aside and a new trial ordered in *Sullivan* v. *Northridge*, 246 Mass. 382. The plaintiff's father, of whose family she was a member, hired and occupied the upper tenement, and the jury would have been warranted in finding on the evidence that the fall of the roof was caused solely by the separation of the supporting joists or rafters at the place where they joined the building, and that when examined after the accident the ends of some of the joists appeared to be water soaked and rotten. The premises, including the roof, at the beginning of the tenancy appeared to be in sound condition, but about eight or ten months before the collapse Northridge repaired the entire building.    The eaves troughs on the main building, and some eaves troughs between the main roof and the piazza roof, and the water spouts which led from the eaves troughs to the ground were removed and not replaced.    The questions, whether the changes caused the roof at the place of the repairs to leak, and whether water percolated or circulated around the joists or rafters where they rested on the building, were for the jury.    It also could be found that, if the repairs had been properly made, the joists or rafters would not have decayed, and the roof would not have fallen.    The defendant contends that the roof fell because of an unprecedented accumulation of snow and ice which he could not anticipate.    The judge submitted this question to the jury under instructions that, if the accident was thus caused, the plaintiff could not recover.    *Salisbury*

*v. Herchenroder,* 106 Mass. 458. It does not appear that Northridge had agreed with the tenant to make repairs, and as the judge instructed the jury in accordance with the defendant's second and third requests, there being no evidence of gross negligence, the plaintiff could not recover unless the piazza roof was in his possession and control, and a verdict for the defendant was ordered on the second count of the declaration. *Bergeron* v. *Forest,* 233 Mass. 392. *Sullivan* v. *Northridge, supra.* The plaintiff in the first count, and in her answer to the defendant's sixteenth interrogatory, rested her right of recovery on this ground. As said by Mr. Justice DeCourcy in *Sullivan* v. *Northridge, supra,* " The controlling question in the case is whether this piazza roof was included in the premises let to the second floor tenant, or whether the defendant retained the control, and consequently owed the plaintiff, as a member of the tenant's family, the duty of using reasonable care to keep it in such condition as it apparently was in at the time of the letting, as in the case of common entrances, halls and stairways." The evidence was conflicting. But, if the jury believed the plaintiff's witnesses, the main roof which was distinct from the piazza roof overhung the piazza roof twelve or eighteen inches, and " the piazza roof carried water off the top piazza, and . . . shed the water from the lower piazza." They could further find that the piazza roof in question was controlled by Northridge for the benefit of his several tenants. *Sullivan* v. *Northridge, supra.* The motion for a directed verdict was denied rightly.

The sixth request, that " The only evidence of the negligence of the defendant is the fact that he took down a water spout and eaves trough on or near the piazza roof some eight or ten months before the accident and in order for the plaintiff to recover the jury must find from a preponderance of the evidence that the taking down of the eaves trough and water spout caused the wood of the roof to become rotten so that it fell because of such rotten condition and that this rot developed between the time of the taking down of the eaves trough and water spout and the time of the falling of the piazza roof," was sufficiently covered by the instructions.

The defendant also excepted to the ruling relating to the duty of the landlord to make repairs. It is contended that the instruction, "And while the landlord is not required to make repairs unless the contract required him to do so, yet nevertheless, if he undertakes and does make repairs and does it in a careless manner, unskilful work, or in any way did that which might be deemed negligent, then he is liable for the repairs he made if it results in injury to another," was misleading and erroneous. If it is treated separately and confined to the tenement let to the plaintiff's father it was erroneous, for reasons previously stated. It should not however be separated from the context. *Adams* v. *Nantucket,* 11 Allen, 203. *Connors Brothers Co.* v. *Sullivan,* 220 Mass. 600, 607. *Draper* v. *Cotting,* 231 Mass. 51, 65. *Cronin* v. *Boston Elevated Railway,* 233 Mass. 243, 246. The judge said in the paragraphs immediately preceding where he referred to the retention of control by Northridge, " This case involves a question of the defendant's duty to the tenants, the Sullivans, and members of the families, in the two tenement building. Did Mr. Northridge retain in himself the control of any portion of the building? It has been argued upon the testimony . . . that the landlord did not retain control of any part of the premises. . . . If that piazza roof was singly and solely . . . a roof only to the upper part of the piazza, then the defendant would not be liable. The plaintiff contends, and it is for you to say whether or not the roof of that piazza served the purpose of being a roof of both piazzas . . . . Was it in control of the owner of the property, the defendant here ? Whether or nor he [the landlord] withheld or reserved control of any portion of the building, is largely a question of fact. It may not be pronounced by the court as a matter of law; but whether or not, he reserved control and acted as if he had control, and that his conduct showed that he treated it as in his custody is for the jury to determine. Did the defendant Northridge make repair to the roof?" The instructions excepted to are to be read not only with the quoted context but with the instruction given at the close, that "if the jury find that the roof which fell . . . is a protection for the upper

piazza only then the plaintiff can recover only upon proof that the defendant's servant or agent was guilty of gross negligence in the repairing of said roof. . . . There is no evidence of gross negligence in the case as I observe it and I so rule." If so construed they were neither misleading nor inconsistent. *Adams* v. *Nantucket, supra. Connors Brothers Co.* v. *Sullivan, supra. Sayles* v. *Quinn,* 196 Mass. 492, 496. The jury were plainly told, that the plaintiff on whom the burden of proof rested, could not recover unless Northridge retained control of the upper piazza, and it collapsed because the repairs were negligently made.

The exceptions to the admission of evidence not having been argued are treated as waived.

*Exceptions overruled.*