TONY CUSCUNA *vs.* CHARLES D. ROOD.

Hampden.    October 23, 1934. — January 8, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant,* Landlord's liability for defective premises. *Negligence,* Of one owning or controlling real estate. *Practice, Civil,* Interrogatories. *Evidence,* Interrogatories, Presumptions and burden of proof.

A party putting in evidence answers made by the opposing party to interrogatories which he had propounded to him is bound by the answers if he introduces no evidence to contradict them.

At the trial of an action by a tenant at will against his landlord for personal injuries sustained by the plaintiff by reason of a defect in one

of the steps of the porch at the rear of a two-tenement dwelling owned by the defendant, it appeared that the lower of the two tenements was occupied by the plaintiff, that the upper tenement was vacant when the plaintiff's tenancy began but was occupied by another tenant before the plaintiff's injury, and that the plaintiff and the other tenant had the right to use the steps in common in passing to and from their respective tenements; but there was no evidence that either tenant had an agreement with the defendant about the control of the steps. *Held,* that the question, whether the defendant had control of the steps, was for the jury.

TORT. Writ dated May 15, 1930.

The action was tried in the Superior Court before *Swift*, J. Material evidence is stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*D. H. Keedy & J. T. Storrs,* for the plaintiff.

*W. G. Brownson,* for the defendant.

PIERCE, J. This is an action of tort by a tenant at will against his landlord to recover damages for personal injuries sustained, on December 30, 1929, by the alleged "caving in" of certain steps said to have been defective through the defendant's negligence. The issue presented to this court relates solely to the defendant's control of the steps in question. All the evidence pertinent to that subject is contained in the bill of exceptions.

The material facts are as follows: On September 1, 1929, the defendant was the owner of certain premises known as number 5 Belmont Street, Ludlow, Massachusetts. These premises consisted of a two-tenement house, with an upper and lower tenement. A "landing, or piazza or porch and steps connected with said premises in the rear" and were used for both tenements. The plaintiff with his family moved into the lower tenement on September 1, 1929, as a tenant at will, paying rent by the month. The upper tenement was then vacant and remained so until about November 25, 1929, when a family by the name of Starzyk moved in. The plaintiff and his family, after they moved in, used the steps in passing over the back porch to and from a hallway connected with the lower tenement. Starzyk

and his family, after they moved into the upper tenement, used the steps, the porch, the hallway and a stairway in passing to and from their tenement. About December 1, 1929, one Davenport, a rent collector for the defendant, was told by a son of Starzyk that "Those steps on back of the house got to be repaired; they are out of construction." They went together downstairs and Davenport looked at the steps, put his foot on the lowest step, and said: "We will have them fixed next week." The steps were not repaired and Starzyk warned his family against using them and Starzyk and his family never used the steps through the month of December. Starzyk did not warn the plaintiff or ever say a word to him about using the steps. On December 30, 1929, the lowest of the steps leading from the porch caved in, but did not break, as the plaintiff descended on' that morning; this caused his feet to go out from under him, and his back and body were forced against the top and middle steps, and he received the injury for which he seeks to recover damages. Subsequently, on January 6, 1930, an employee of the defendant at the tenement learned of the accident on December 30, 1929, and reported it to the defendant. The next day the employee took away parts of the steps, which were exhibited at the trial, and after consultation with the defendant reconstructed the steps.

At the close of the evidence the plaintiff requested the judge to instruct the jury as follows: "1. The steps in question remained in the control of the defendant landlord for the use of all his tenants; and there was a duty on the defendant landlord to maintain them in such condition as they appeared to be in at the beginning of the plaintiff's tenancy. 2. The burden was on the defendant landlord to exercise reasonable care to keep the steps in question in the condition that they appeared to be in at the beginning of the plaintiff's tenancy." The judge refused to instruct the jury as requested; and he refused to rule "that the steps in question remained in the control of the defendant landlord for the use of all his tenants," and left it to the jury

to determine whether or not the defendant landlord had retained control of the steps in question. The plaintiff duly excepted.

It is to be noted that there is no direct evidence that either tenant had any agreement with the landlord in relation to the use or control of the steps leading to the porch or concerning the use of the hallway at the foot of the stairway leading to the upper tenement. It is to be further noted that the plaintiff propounded and introduced in evidence as a part of his case certain interrogatories, among which was the following: "Was there a landing or piazza or porch and steps connected with said premises in the rear which the plaintiff had the right to use, in common with other tenants, as a means of entering and leaving his tenement?" This interrogatory was answered: "There was a landing, or piazza or porch and steps connected with said premises in the rear, which the plaintiff had a right to use in common with one other tenant." A party putting in answers to interrogatories made by the opposing party is bound by the answers if there is no evidence tending to contradict them. *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367, 373. *Gordon* v. *Bedard,* 265 Mass. 408, 411.

It was manifestly a question of fact which required the decision of the jury, and it could not have been ruled as matter of law on the evidence that the landlord retained control of the steps, or that he had rented the use of them to the plaintiff to be enjoyed by the plaintiff in common with one other tenant when such tenancy should come into existence. We find no error in the refusal to give the requested instructions or in the refusal to make the requested ruling.

*Exceptions overruled.*