Wilson, J.
This is an action of tort wherein the plaintiff seeks to recover damages for personal injuries sustained by her by reason of the negligence of the defendant in allowing premises owned by it to be in an unsafe and dangerous condition. The answer of the defendant was a general denial and contributory negligence. There was a ffndiug for the plaintiff.
At the trial there was evidence tending to show that the agent of the defendant in charge of its property, located in Eevere, rented to the plaintiff and her husband as tenants at will an apartment on the second floor; that at the time of the letting the defendant’s agent agreed to make all necessary repairs during the period of occupancy of the apartment by the plaintiff; that at the time of the letting the piazza upright and the cross piece attached thereto were in good condition; that the building in which the apartment was located is a three story building containing six apartments, two on each floor; that there is a rear piazza connected with each floor, each running entirely across the rear side of the building; entrance to the first floor piazza is by steps from the ground, and to reach the upper piazzas there are flights of stairs inside the building, and on the second floor the piazza is reached by use of a single door leading from the building; that this door is located about the center of the rear of the building and in about the center of the piazza is a wooden partition dividing the rear piazza into two sections, so that each tenant has her own part of the piazza for hanging out clothes; that there were cross pieces extending from the building itself to the outer *467 piazza uprights; that these cross pieces are not used as supports for the building but are to attach clothes lines to; that to one of these cross pieces, located at the end of the piazza, the plaintiff had a line attached; that while she was taking down clothes from the liner the cross piece came down and struck and injured her; that it was kind of loose, that the wood was decayed and the nails rusty; that about three months previously, the plaintiff had told the agent of the defendant about the board being loose; that he did not repair it at any time; that the portion of the piazza, where the accident occurred, was immediately behind the tenement occupied by her and was not used by any other tenant, nor did she use that portion of the piazza on the other side of the partition.
The defendant seasonably presented six requests for rulings. The trial court denied numbers 1, 2 and 6, and ruled that numbers 3, 4 and 5 “were good law.” This latter expression of the trial judge is irregular but we construe it as meaning that he instructed himself in accordance with the principles there stated.
The defendant claims the trial court erred in refusing requests numbered 1, 2 and 6, which were as follows:
1. The evidence in this case warrants a finding that the back porch on which the plaintiff is alleged to have been injured was under the exclusive control of the tenant and was not used in common with other tenants.
2. The defendant was under no duty to repair or keep the back porch on which the plaintiff was injured in a safe condition for the use of the plaintiff.
6. The evidence in this case warrants a finding for the defendant as the plaintiff has failed to prove any breach of duty owed her by the defendant.
The function of a judge presiding at the trial of civil actions has been repeatedly stated. He is required to lay down correctly the guiding principles of law, and after thus correctly instructing himself he is to determine the facts. *468 John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 18. Ashapa v. Reed, 280 Mass. 514, 516.
In the instant case, by refusing the defendant’s first request, the trial judge instructed himself that there was no evidence in the record to submit to himself in his fact finding capacity sufficient to justify a finding that the premises where the plaintiff was injured was under the exclusive control of the tenant.
By refusing the sixth request he ruled that there was no evidence sufficient to justify a finding that the plaintiff had failed to maintain the burden of proof on the issue of a breach of duty owed by the landlord to her.
He virtually ruled that as matter of law and not fact the tenant did not have exclusive control of the premises and as matter of law and not fact the plaintiff had maintained the burden of proving .a breach of duty on the part of the defendant toward her.
No specific findings of fact were made by the trial court so that we might is ay these ruling’s were inapplicable on the facts found.
The defendant was entitled to those rulings or to a statement of findings of fact indicating that the requested rub ings became irrelevant. This action of the trial court was error. We cannot say it was without harm to the defendant. Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, 2301. Whether the control of the premises was in the landlord or in the tenant is ordinarily a question of fact. Sullivan v. Northbridge, 246 Mass. 382, 383. Conroy v. Maxwell, 248 Mass. 92, 97. Cuscumo v. Rood, 289 Mass. 213. Whether the burden of proof has been sustained is also a question of fact. Crowley v. Freeman, Mass. Adv. Sh. (1935) 1409. Poulos v. Labbe, Mass. Adv. Sh. (1935) 1427.
The plaintiff in the instant case argues that at the time of the letting the landlord agreed to make all necessary re *469 pairs during the period of occupancy of the apartment by the plaintiff. This argument would place the case in the seo and class described by Rugg, C. J., in Fiorntino v. Mason, 233 Mass., 452, as follows:
“Second. The parties may agree that the landlord shall make necessary repairs during the tenancy and thus vary the rights and obligations implied by the law as part of the ordinary relation of tenancy at will. An agreement to repair as a part of the letting is an agreement to make repairs on notice. Failure to comply with such agreement gives rise merely to a right of action for breach of contract, where the damages commonly are only the cost of making the repairs. A negligent omission to repair is not ground for an action of tort. Tuttle v. Gilbert Manuf. Co., 145 Mass. 169. The landlord under such a contract is not liable for personal injuries resulting from a defective condition of the premises unless he makes repairs and makes them negligently. Conahan v. Fisher, 233 Mass. 234, where cases are collected.”
It is to be noted that the case at bar. is an action of tort for negligence and is brought by the wife of the tenant.
The plaintiff also argues that the cross piece, which gave way and caused the plaintiff’s injuries, was attached at one end to the side of the building and, therefore, constituted a part of the exterior construction and framework of the building, and therefore, the landlord was bound to keep it in repair, seeking to apply the same principle which holds the landlord responsible for the safe condition of common passageways and stairways.
This same argument was advanced in the case of Conahan v. Fisher, 233 Mass. 234, 236, and the court there said:
'‘ That principle has no application to such facts as are here presented.”
The cross pieces described in this record were not used as supports for the building but for the purpose of allowing tenants to run clothes lines. The cross piece, which gave *470 way and injured the plaintiff, was on the piazza belonging to the tenement in which she and her husband lived and the cross piece was for their exclusive use. No control of it could have been found to have been retained by the defendant landlord.
In deciding the action of tort now here for our determination, the trial court should have given the defendant’s second request. Even talcing the view of the evidence most favorable to the plaintiff, there was no duty upon the landlord to keep the back porch in a safe condition. It was a part of the demised premises. The landlord had made no repairs upon the same during the tenancy. Fiorntino v. Mason, 233 Mass. 452, and cases there cited. Conahan v. Fisher, 233 Mass. 234, 239. And in Galvin v. Beals, 187 Mass. 250, 252, the general rule, which has since been repeatedly reaErmed, was sthted as follows:
“The general rule in this Commonwealth must be considered as settled that a tenant cannot recover against his landlord for personal injuries occasioned by the defective condition of the premises let, unless the landlord agrees to repair, makes the repairs, and is negligent in making them.”
Since the rulings, in accordance with the defendant’s requests, would have disposed of the case in its favor, judgment must be entered for the defendant. General Laws (Ter. Ed.) ch. 110, §§110-124. Andrade v. Hanley, Mass. Adv. Sh. (1935) 361, 362.