EMMY MINKKINEN *vs.* VILHO NYMAN & another.

Suffolk.    October 4, 1949. — December 5, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Control of premises. *Negligence,* One owning or controlling real estate. *Evidence,* Admissions and confessions, Of control of premises.

The landlord of an apartment house, who was not shown to have been in control of outside steps leading exclusively to a separate entrance to one of the apartments, or to have made any agreement respecting repairs with the tenant of that apartment, was not liable for personal injuries sustained by an invitee of the tenant due to a defect in the steps.

Evidence, that the landlord of an apartment house, in the absence of any agreement as to repairs with the tenant of an apartment to which outside steps exclusively led, voluntarily rebuilt such steps long after the occurrence of an accident due to a defect therein, afforded no proof that the landlord was in control of the steps at the time of the accident.

Control of certain steps by the landlord of an apartment house was not admitted by him merely through the fact that he was insured under a

liability policy covering not only the whole apartment house but other property owned and in part occupied by him, and containing an undertaking by the insurance company to defend him against certain actions even though they were groundless.

TORT. Writ in the Superior Court dated August 23, 1946. The action was tried before *O'Connell,* J.

*H. L. Sostek,* (*M. H. Goldman* with him,) for the plaintiff.

*K. C. Parker,* for the defendants.

SPALDING, J. The plaintiff brings this action of tort to recover for personal injuries sustained when she fell on the steps of a dwelling owned by the defendants. At the close of the plaintiff's evidence the judge ordered a verdict for the defendants. The plaintiff's exceptions to this action and to the exclusion of certain evidence bring the case here.

A summary of the evidence most favorable to the plaintiff is as follows: On November 23, 1945, the plaintiff went to call on one Mrs. Norman who resided at 28 Hano Street, Allston. The premises consisted of a two-family house, and Mrs. Norman lived on the second floor with her mother, Mrs. Tuomi. The plaintiff visited with Mrs. Norman and her mother "almost every day." The plaintiff on this occasion used the rear entrance which led to a stairway running up to the second floor apartment. From the ground to the rear entrance were two steps and a landing. The "steps . . . were completely outside the house itself." "The ground floor apartment has a different entrance altogether." The plaintiff "walked up the two steps . . . stepped on the landing and took hold of a storm door." As she opened that door she took one step down backwards, and as she did so "she felt the edge of the outside board or tread on the first step down wiggle under her foot and she fell." There was a loose board on the step that wiggled and that was what caused her to lose her balance and fall. On occasions when she had used the steps prior to the accident the plaintiff had noticed that the "tread of the steps . . . was loose and sometimes nails would be sticking out."

The defendants became the owners of the premises in 1936. At that time Mrs. Tuomi, who had prior thereto

occupied the second floor apartment, became their tenant and she continued as such down to the time of the accident. When the defendants acquired the property the steps where the accident happened were in good condition. There was no evidence of any agreement between the defendants and Mrs. Tuomi with respect to repairs. The defendant Vilho Nyman testified that he took care of painting the outside of the property and of making repairs to the "whole building." He further testified that in the spring of 1948 (approximately two and one half years after the accident) he had a carpenter rebuild the steps where the accident occurred. This evidence was admitted solely on the issue of control.

We assume that the evidence was sufficient, apart from the question of control, to establish liability on the part of the defendants. The defendants make no contention to the contrary and seek to justify the action of the judge on the ground that they were not shown to have been in control of that part of the premises where the accident happened. Unless such control were established the defendants would not be liable for a defective condition in the steps either to a tenant or to one who came upon the premises, as the plaintiff did, in the right of a tenant. *Sullivan* v. *Northridge,* 246 Mass. 382, 383. *Chelefou* v. *Springfield Institution for Savings,* 297 Mass. 236, 238–239. *Silver* v. *Cushner,* 300 Mass. 583, 584–585. We are of opinion that the steps were not shown to have been within the defendants' control. They led exclusively to the entrance to the second floor apartment and were a part of the demise of those premises. *Kearines* v. *Cullen,* 183 Mass. 298, 300. Compare *Sullivan* v. *Northridge,* 246 Mass. 382, 383. They were, therefore, within the control of the tenant. That the defendants rebuilt the steps approximately two and one half years after the accident would not warrant a finding to the contrary. On the evidence here the defendants as landlords were under no obligation to repair the steps. *Conahan* v. *Fisher,* 233 Mass. 234, 237. *Fiorntino* v. *Mason,* 233 Mass. 451, 452. The rebuilding of the steps would appear to have

been a voluntary undertaking by the defendants and afforded no proof that they were in the control of the defendants at the time of the accident. This aspect of the case is governed by *Kearines* v. *Cullen,* 183 Mass. 298, *Coman* v. *Alles,* 198 Mass. 99, 103, and *Shepard* v. *Worcester County Institution for Savings,* 304 Mass. 220, 222–223. *Buckner* v. *Sugarman, ante,* 82. Compare *Readman* v. *Conway,* 126 Mass. 374, 377; *O'Malley* v. *Twenty-Five Associates,* 170 Mass. 471, 477; *Ruane* v. *Doyle,* 308 Mass. 418, 421.

The plaintiff's exception to the exclusion of a policy of liability insurance held by the defendants at the time of the accident must be overruled. The policy in question, which was offered solely on the issue of control, was a blanket policy covering the entire premises and not merely the apartment which the plaintiff was entering; it also covered another two-family house of the defendants, part of which they occupied as a residence. The policy, among other things, contained a provision whereby the insurer undertook to defend the insured against any actions for personal injuries arising out of the ownership, maintenance or use of the premises, including actions which were groundless. Since there was ample scope for the operation of the policy apart from liability for defects in the steps where the plaintiff was injured, the existence of such insurance would not constitute an admission on the part of the defendants that they had retained control of the steps. *Calabresa* v. *Lynch,* 271 Mass. 58, 61. *Salsman* v. *Frisch,* 276 Mass. 228, 230. *Hannon* v. *Schwartz,* 304 Mass. 468, 470. The case of *Perkins* v. *Rice,* 187 Mass. 28, relied on by the plaintiff, is distinguishable. The insurance policy held to be admissible in that case on the issue of the defendant's control of an elevator covered only the elevator.

*Exceptions overruled.*