## Northern District
### No. 5813
**JOSEPH MARIE et al**

v.

**RALPH GOLBURGH et al**

April 22, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Loschi, J.* in the District Court of East Boston. No. 2743 of 1962.

*Connolly, J.* This is an action of tort in which the plaintiff, Nancy Marie, in count one of the declaration seeks to recover against the defendants as trustees, of the Webster Realty Trust, for injuries sustained by her. She alleges that she was injured as a result of being struck by plaster falling from a *ceiling* in an apartment owned by the defendants and occupied by her husband and herself as tenants at-will. She further alleges that the

plaster was caused to fall because of the negligence of the defendants.

The husband, Joseph Marie, in count two of the declaration seeks to recover consequential damages as a result of the injuries to his wife.

The answer of the defendants consists of a general denial, a specific denial of control and contributory negligence on the part of the plaintiff, Nancy Marie.

*At the trial there was evidence by the plaintiffs that* the plaintiff, Nancy Marie, rented the premises as a tenant-at-will, with heat and hot water, sometime previous to the time of this injury; that this apartment was on the first floor right of a three story, six apartment house; that in *November, 1961* the defendant Ralph Golburgh turned up the thermostat in her apartment and her radiators started to sizzle and leak steam, and that on *February* 6, 1962 he, the said Ralph Golburgh, told the plaintiff that the tenants upstairs were cold, whereupon he then turned up the thermostat; that at about 3:00 A.M. on *February* 7, 1962, water leaked from above at about where the radiator was in her bedroom; that she attempted to notify the defendant Ralph Golburgh of what happened and did reach him at 12:30 P.M. that day; that she told him that part of the plaster had fallen and that he should send someone to clean it up; that bits of plaster were still falling from between the laths in the ceiling; that she went back into the bed-

room to survey the situation and was struck by a piece of plaster which had fallen from the ceiling; while she was stooping over mopping and cleaning the floor, the plaster fell on her head and shoulders causing her the injuries for which the suit is brought; she further stated that when she took the premises, the ceiling was old but in good condition and that there was no change in the condition until she saw the water coming through at 3:00 A.M. on the morning of February 7, 1962 and that no water had come through nor were there any cracks in the ceiling prior thereto.

There was no mention of the defendant Max S. Goldberg at any time during the trial, nor were there any records or documents presented or introduced. The defendants did not testify.

At the close of the evidence and before final arguments, the defendants filed a number of requests for rulings of law, some of which were allowed and others denied by the trial judge. We concern ourselves only with the first request which is as follows:

1. There is not sufficient evidence to warrant the court to find any negligence on the part of the defendants.

We consider the denial of this request as prejudicial error. Nowhere in the report, and we have quoted directly from it in the recitation of the evidence, is there any identification of the defendants as the landlords of the plaintiffs. And even if there was evidence

of a landlord-tenant relationship between the plaintiffs and the defendants, it is difficult to see how, on the evidence, a finding of negligence on the part of the defendants would be warranted.

The turning-up of the thermostat in the plaintiffs' apartment in November, 1961 and on February 6, 1962 followed by water leaking from the ceiling over the radiator in the bedroom of the apartment and plaster falling from the ceiling, in and of itself, does not warrant a finding of negligence.

Nor were the defendants, if they were landlords, under any obligation to make repairs in the absence of an agreement to do so. *Minkkinen v. Nyman*, 325 Mass. 92, 94; *Fiorntino v. Mason*, 233 Mass. 451, 452; *Bergeron v. Forest*, 233 Mass. 392, 398; *Conahan v. Fisher*, 233 Mass. 234, 237.

There is no evidence of any such agreement to make repairs. Hence, the evidence of the plaintiffs' efforts to notify the defendants of the condition of the apartment the day the plaster fell and injured the female plaintiff, was irrelevent.

There being prejudicial error, the finding for the plaintiffs is to be vacated and a finding entered for the defendants.

Harold Katz, of Boston, for the Plaintiffs.

M. Harry Golburgh, of Boston, for the Defendant.