*Northern Division*
No. 6672
## MARY AMABILE
v.
## LOUIS A. ARNOLD et al.
Argued: Jan. 17, 1968. Decided: April 25, 1968

*Present:* Brooks, P. J., Connolly, Parker, J. J.

Case tried to *Cullen, J.* in the District Court of Newton. #17678 of 1967

*Parker, J. This is an action of tort* by which the plaintiff seeks to recover for her injuries as a result of a fall on a stairway at the premises owned by defendant, Stephen Arnold. The declaration is in two counts. Count 1 alleges that the defendant, Stephen Arnold was negligent in failing to repair an unsafe condition of the stairway and to warn her of their condition, and Count 2 alleges that the defendant Stephen Arnold was negligent in the maintenance and repair of the real estate and as a result plaintiff suffered injury. The defendant Stephen Arnold's answer was a general denial, contributary negligence and assumption of risk.

The plaintiff waived her claim against Louis Arnold.

*At the trial there was evidence, as follows:* The plaintiff lived alone in an apartment which

had been rented for her by her daughter from the defendant's agent. There was only one entrance door to the apartment. There was a walk and two small steps both leading exclusively to her apartment. The second step was in a spongy condition.

On 12 November 1963 the plaintiff came home from work in the evening, started to go into her apartment, the second step broke and she fell through the step and was injured.

Previous to this incident, Mrs. Stone, daughter of the plaintiff, who was acting in behalf of her mother, the plaintiff, went to the premises and was shown them by the defendant's agent. Mrs. Stone noticed the second step leading to the apartment sagged when stepped upon. She pointed this out to the defendant's agent and stated she would not rent the apartment unless the step was fixed. She testified that the defendant's agent agreed to fix the step as a condition to the letting of the apartment, but later when she visited her mother in the apartment, the step was not fixed. After the accident the step was fixed by the defendant's agent.

The defendant seasonably filed five (5) requests for rulings as follows:

> 1. The evidence does not warrant a finding that the defendant, his agents or servants were negligent.
>
> 2. The evidence does not warrant a finding other than that the negligence of the

plaintiff contributed in whole or in part to cause the alleged injuries and damages.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by him to the plaintiff.

5. The evidence does not warrant a finding that the defendant, his agent or his servants were in control of the premises or the steps leading to the premises leased by the plaintiff.

These requests were denied by the court, who found for the plaintiff.

The court found:

"Louis A. Arnold was the agent for his son, Stephen (Owner), in the management of a building which contained several rentable units, one of which was an apartment which he rented to the plaintiff. The apartment had an outside stair-case which led exclusively to said apartment. At the time of the letting, Louis agreed to make repairs to the steps which were in need of repair. The condition of the steps was pointed out to Louis prior to the renting by the plaintiff's daughter. The plaintiff would not have become a tenant of the premise if repairs had not been made. The

defendant retained control of the steps. Repairs were not made.

"The plaintiff fell through the steps and was injured while in the exercise of due care. The steps were then repaired by Louis A. Arnold".

The remaining part of the court's finding relate to the period of disability and the amount awarded the plaintiff in damages. No argument on these points were made by the defendant and they are deemed waived.

The defendant's contends:

*First:* The steps were apart of the demised premises and the evidence does not warrant a finding that they were in his control at the time of the accident.

*Second:* The promise to repair the steps at the time of letting does not take it out of control of the tenant.

*Third:* The agreement gives rise only to an action for breach of contract.

While the report does not strictly follow Rule 28, nor the model draft report, the report does set forth in full all the requests for rulings made by the appellant and the action taken by the court therein. The identification of the rulings refused is not impossible or difficult. *Ahern* v. *Tonle,* 310 Mass. 695, 697. *Barton* v. *Cambridge,* 318 Mass. 420, 422.

The ruling of the court on request # 2 was not discussed in the defendant's brief nor argued before us and so is considered as waived.

The main question raised is contained in the defendant's requests for rulings numbers 4 and 5. Request # 4 in effect states that the defendant was under no duty to the plaintiff to repair the steps. Whether the defendant owed the duty to keep the steps in repair and safe for the plaintiff's use depends upon the question of whether the defendant or plaintiff was in control of the steps, and this point is raised by the defendant's request # 5.

There was evidence that the agreement to repair the step was a condition of the lease, that the plaintiff relied upon it, that the defendant had notice of the condition of the steps and promised to repair the same and that, if he had not so promised, the plaintiff would not have taken the premises. From this the court was warranted in finding that the parties agreed that the landlord would make necessary repairs during the tenancy. These facts show that the case fits into the second class of cases pointed out in *Fiorntino* v. *Mason,* 233 Mass. 451, 453.

There was evidence to show that the defendant's agent had notice of the condition of the step. However, even though all this was true, the failure to comply with the agreement gives rise merely to a right of action for breach of contract where the damages, commonly, are only the cost of making the repairs. The landlord under such a contract is not liable for personal injuries resulting from the defendant condition of the premises unless he makes repairs

and makes them negligently. *Conahan* v. *Fisher*, 233 Mass. 234, 238, 239. *Galvin* v. *Beals*, 187 Mass. 250, 252, 253.

The evidence showed that the steps led exclusively to the plaintiff's premises. They were not a common stairway and the provisions of law concerning the liability of landlords in such cases does not apply. They were in the control of the plaintiff were a part of the demised premises. *Minkkinen* v. *Nyman*, 325 Mass. 92.

The plaintiffs right of action is for a breach of contract, for the defendant's failure to make the repairs. The negligence omission to repair under a contract is not grounds for an action of tort. *Tuttle* v. *Gilbert Manufacturing Co.*, 145 Mass. 169, 175.

The denial of the defendant's requests #4 and #5 was error and the finding should be vacated and a finding entered for the defendants.