ELSIE SANFORD & another *vs.* ILLONA BELEMYESSI.

Suffolk.   April 5, 1972. — June 14, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Landlord and Tenant,* Control of premises, Common passageway, Premises let, Porch, Landlord's liability to tenant or one having his rights, Repairs.

Evidence that a small rear porch and steps leading thereto from the yard of an apartment house provided access only to the apartment of a tenant, and that she installed and at times closed a gate on it, required conclusions that the porch was part of the demised premises and was under the tenant's control, and the landlord was not liable for personal injuries sustained by the tenant in a fall on the porch, notwithstanding intermittent and permissive use of it by various utility servicemen as one of two accesses to the cellar, and notwithstanding an unfulfilled agreement by the landlord to fix the porch when told of its defective condition. [125–126]

TORT.   Writ in the Superior Court dated March 21, 1967.

The action was tried before *Connolly,* J.

*Stanley R. Lapon* for the plaintiffs.

*Warren Delaney* for the defendant.

HENNESSEY, J.   This is an action of tort brought by Elsie Sanford (the plaintiff) and her husband to recover for personal injuries and consequential damages sustained when the plaintiff fell on a rear porch of a dwelling owned by the defendant.   Jury verdicts in favor of the plaintiffs were set aside by the judge on the defendant's motion for entry of verdicts under leave reserved. The case is before us on the plaintiffs' exception to the judge's ruling.

The sole issue raised here is whether there was sufficient evidence to permit the jury to find that the area in

which the plaintiff fell was under the control of the defendant.

A summary of the evidence most favorable to the plaintiffs on the issue of control is as follows: Sometime in April, 1964, the plaintiffs moved into an apartment in a dwelling owned by the defendant. The dwelling was a duplex apartment house and contained four apartments. The plaintiffs occupied the first floor apartment on one side of the dwelling. It appeared that there was a common front entrance to the plaintiffs' side of the dwelling and a rear entrance located on a small porch. Access to the porch from the yard was gained by ascending two wooden steps. The plaintiff fell on this rear porch as she started to descend the stairs. The evidence establishes that this small porch and stairway located at the rear of the house provided access to the plaintiffs' apartment only. Access from the rear to the apartments situated on the second and third floors on the plaintiffs' side of the dwelling was gained by a separate rear entrance and stairway.

There was other evidence that the heating units and the gas and electric meters for the dwelling were located in the cellar and that, on occasion, meter readers and other servicemen requested and gained permission from the plaintiff to get to the cellar by going onto the rear porch and through the plaintiffs' kitchen. On one or two occasions the landlord and other tenants in the dwelling were given permission to pass through the plaintiffs' apartment to get to the cellar. There was other evidence that access to the cellar could be gained through a bulkhead situated at the rear of the house and that the defendant made available to anyone seeking entrance to the cellar a key for the bulkhead by placing it in the front common hallway. The plaintiff testified that the bulkhead was never used during the winter because of the snow accumulation. Other evidence indicated that the bulkhead was unlocked during the summer. Regardless of whether it was locked or unlocked, the plaintiff testified that an inner cellar door had to be unbolted from

the inside.   She testified that she would either allow the servicemen to use the porch and pass through the kitchen or would instruct them to get the key from the front hall and open the bulkhead whereupon she would go into the cellar and unbolt the inner door.

Finally, the plaintiff testified that after she became a tenant she noticed the defective condition on the porch and brought it to the attention of the defendant who said that it would be repaired.   No repairs were ever made to the porch by the defendant.

1.  We assume that, apart from the issue of control, the evidence was sufficient to establish liability on the part of the defendant.   The defendant contends that the judge was correct in his ruling because the evidence was not sufficient to establish that the defendant was in control of that part of the premises where the accident happened. In the absence of evidence to establish control, the defendant in the circumstances shown here would not be liable to the plaintiffs for a defective condition in the porch.   *Minkkinen* v. *Nyman,* 325 Mass. 92, 94.   *Conahan* v. *Fisher,* 233 Mass. 234, 236.   *Sullivan* v. *Northridge,* 246 Mass. 382, 383.   *Ruane* v. *Doyle,* 308 Mass. 418, 420.   We are of opinion that the evidence was not sufficient to establish such control.

The porch where this accident occurred led exclusively to the entrance to the plaintiffs' apartment and was part of the demised premises.   No one but the plaintiffs had the right to use it.   In fact, the plaintiff testified that she installed a gate on the porch and closed it at times to prevent persons from running away with her dog which was sometimes kept on the porch.   On this evidence, we conclude that the porch was under the plaintiffs' control. The case of *Minkkinen* v. *Nyman,* 325 Mass. 92, is closely akin to the facts of this case and the same result was reached.

The plaintiffs argue, however, that the use of the porch and the kitchen by various utility servicemen seeking access to the cellar renders these areas common passageways and subject to the defendant's control.   We dis-

agree.   The evidence establishes that the porch and kitchen were not the exclusive means of access to the cellar.   Further, it appears that the use of the porch and the kitchen to enter the cellar was made only after securing permission from the plaintiff and that, on occasion, such permission was denied.   In our view, this intermittent and permissive use of the demised premises does not render those areas common passageways.

Finally, in support of their position, the plaintiffs rely on a conversation with the defendant wherein the latter was told of the defective condition of the porch and stated that she would have it fixed.   This conversation alone does not establish liability on the part of the defendant.   The defendant's statement was merely gratuitous (*Bailey* v. *First Realty Co.* 305 Mass. 306, 308) and, as such, her failure to repair furnishes no basis for an action of tort for personal injuries caused by such failure.   See *Sawyer* v. *Atherley*, 312 Mass. 596, 597. This is not a case wherein the defendant agreed to make the repairs, made them, and was negligent in making them.   See *Berger* v. *Stoner*, 357 Mass. 659, 661, and cases cited.

*Exceptions overruled.*