Cowin, J.
Plaintiffs Edward Sullivan and Nancy Sullivan (“the Sullivans”) filed this action for personal injuiy and loss of consortium against defendants Manuel P. Loureiro and Jessie Loureiro, now known as Jessie Angelli, on January 9, 1995. This case comes before the Court on consideration of defendant Manuel P. Loureiro’s motion for summary judgment under Mass.R.Civ.P. 56.
BACKGROUND
For the limited purposes of this motion, the plaintiffs and the defendants agree upon the following facts. Manuel and Jessie Loureiro were married on September 13, 1968 and divorced in 1985. The family home located at 14 Folsom Court, Malden, Massachusetts (“the property”) was included in the Loureiros’ marital property at the time their divorce went into effect in 1985.
On May 21, 1985, the Loureiros entered into a stipulation which merged with and was incorporated into their divorce decree. The stipulation stated that “(Jessie Loureiro] retain exclusive possession of the family home until the children are emancipated.” The stipulation further stated:
5. That [Manuel Loureiro] commence forthwith to repair the family home to such condition that one of the two apartments are available for rental. Such repairs to be completed so as to comply with existing building and health codes. If premises not suitable for rental at expiration of sixty (60) days [Manuel Loureiro] will provide as additional monies to [Jessie Loureiro] a sum equal to one-half the then existing mortgage payment. Additionally, [Jessie Loureiro] is to keep all rent resulting (for the maintenance of the property, herself and the two minor children).
6. When the youngest child is emancipated the premises are to be sold (with either spouse having the option to buy at fair market value and the proceeds of said sale, after payment of all expenses of said sale, be divided on a sixty/forty (60/40) per cent basis with [Jessie Loureiro] retaining sixty per cent and [Manuel Loureiro] obtaining forty per cent of the net proceeds [sic]
Since the commencement of this action, the property has been sold and the proceeds put into escrow.
Between September, 1991 and July, 1993, the Sul-livans rented the Folsom Court property. Jessie Loureiro (now Jessie Angelli) continued to reside at the property with her son and niece during the Sullivans’ tenancy. The Sullivans did not meet or have contact *187 with Manuel Loureiro, paid no rent to him, and did not observe him making any repairs to the property.
On January 23, 1992, Nancy Sullivan (“Sullivan") slipped and fell on ice while exiting the front porch of the Folsom Court property. As a result, Sullivan broke her left wrist. Sullivan noticed that the porch had no railing and that the roof and drainpipe leaked, causing water to collect on the porch and ice to form on the porch stairs.
DISCUSSION
Summary judgment is allowed when there are no genuine issues of material fact and when the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating both elements. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The plaintiffs and the defendants agree, for the purposes of this motion, that no issues of material fact remain in dispute. Two questions of law are at the center of the remaining controversy: first, whether Manuel Loureiro, a tenant in common with no right to control the Folsom Court properly, can be found liable for the Sullivans’ injuries; and, second, whether the failure of the Sullivans to provide Manuel Loureiro with adequate notice is fatal to their claims.
Regarding the first question, both parties agree with the legal axiom that a divorce changes a tenancy by the entirety into a tenancy in common. Bernatavicius v. Bernatavicius, 259 Mass. 486 (1927). The parties disagree on the extent to which a tenant in common, such as Manuel Loureiro, who did not control or possess the property, can still be held liable for defects in the common areas. The defendants contend that, since he did not control or possess the property, Manuel Loureiro had no duty to maintain or repair it. The plaintiffs contend that Jessie Loureiro acted as Manuel’s agent when she engaged the Sullivans as tenants, and that, as Manuel has the right to receive a portion of the sale proceeds currently in escrow, equity demands that he recompense the Sullivans for their injuries.
Under the common law, a landlord’s duty to repair defects in common areas was limited to areas that the landlord used and controlled. See, e.g.: Stavisky & Perkins, Landlord-Tenant Law §1078 (1993 & 1995 pocket part) ([the] right of control in common areas imposes upon [the landlord] the duty to exercise reasonable care to maintain the areas . ..). The duty was not an independent duty; instead, it existed as a corollary to the landlord’s use of the common areas. A commentator has stated that
when a tenant enters a common area or uses a common instrumentality, he is deemed to be an invitee of the landlord, and hence may recover on the same basis as any other invitee ... a landlord owes the tenant and all other lawful visitors a duty to maintain areas under his control in a reasonably safe condition . . .
Joseph A. Page, The Law of Premises Liability §§9.11-9.12 (1988)[3]
See also: Restatement (Second) Torts (1965) §360 (imposing duty of reasonable care on landlords for common areas under landlord control); Crowell v. McCaffrey, 377 Mass. 443 (1979); Minkkinen v. Nyman, 325 Mass. 92, 94 (1949) (“unless such control were established the defendants would not be liable for a defective condition in the steps . . .”).
The common law rule has been altered by what has been termed the “rule of Young v. GarwackT: that “a residential landlord is liable for a defect of which he had notice and had a reasonable opportunity to repair.” Young v. Garwacki, 380 Mass. 162 (1980), quoted in Camerlin v. Marshall, 411 Mass. 394 (1991).
In the divorce stipulation, Manuel Loureiro assumed an affirmative duty to repair the rental units contained in the family home. Although the language of the stipulation is not absolutely clear, it is reasonable to infer from the stipulation that Manuel Loureiro’s duty was to be completed in sixty days. The stipulation provides for a payment analogous to liquidated damages if Manuel’s repair duties were not completed within the specified time.
The stipulation is the only evidence from which the Court can infer the essence of the understanding between Jessie and Manuel Loureiro. The reasonable inference from the language of the stipulation is that Manuel Loureiro was to repair the rental units so that Jessie Loureiro could receive regular rental income, income intended to pay for the maintenance of the property and the expenses of the family. None of the terms of the stipulation state or even suggest that Manuel Loureiro bore a continuing duty to maintain the common areas of the home. None of the terms of the stipulation suggest that Jessie Loureiro acted as Manuel’s agent in leasing the property’s rental units. The stipulation simply provides for relinquishment of Manuel’s right as a tenant in common to half of the rent, and the assumption by Manuel of the duty to repair and fix up the rental apartments so that Jessie could begin to receive rental income. As a result, not only did Manuel Loureiro have no control over the property, but he also received none of the direct benefits accruing from the rental emits. The only direct interest that Manuel Loureiro retained in the property under the stipulation was the right to receive forty per cent of the net proceeds upon the sale of the house.
The plaintiffs have not provided any facts indicating that Manuel Loureiro had control or use of the property. Indeed, the facts suggest exactly the opposite: Manuel Loureiro was explicitly denied, in the divorce stipulation, the privilege of using and controlling the *188 property. Furthermore, the plaintiffs have not offered any facts indicating that he had notice or a reasonable opportunity to repair the defect on the porch. Indeed, it appears from the evidence submitted that Manuel had no right to enter the premises for any purpose once the sixty day “repair” period had expired.[4]
In sum, liability attaches to a “landlord.” The judgment nisi did not make Manuel a landlord in any meaningful sense. He did not have any control of the property and he had no right to the rent obtained from it. The judgment simply gave him some of the proceeds from the sale of the house in the future and imposed certain present obligations upon him to be performed within sixty days.
Since the Court holds that Manuel Loureiro is not liable for Nancy Sullivan’s injuries, it is not necessary to reach the issue of whether his liability is excused by the failure of the plaintiffs to provide him with timely notice as required under G.L.c. 84, §21.
ORDER
For the foregoing reasons, third-party defendant Manuel A. Loureiro’s motion for summary judgment is ALLOWED.

This commentator later explains that, in Massachusetts, this rule applies regardless of whether the common area is one only cotenants use, or one the landlord uses along with tenants.

This period expired in 1985; the injuiy at issue occurred in 1992.