WINIFRED BAILEY *vs.* M. HARRY GOLBURGH.

Suffolk.    April 2, 1946. — October 30, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Landlord and Tenant,* Common porch, Landlord's liability to tenant or his family or his invitee.

A finding of liability on the part of the owner of an apartment house to a tenant for injuries sustained through slipping on an accumulation of ice on an entrance porch used in common by tenants and in the control of the owner was warranted by evidence that the ice was formed from water coming through a hole in the ceiling of the porch which had developed after the beginning of the tenancy, had continued for about four months and had been brought to the attention of the owner's janitor several times during that period.

TORT.   Writ in the Superior Court dated June 15, 1944.

The action was tried before *Kirk,* J.

*F. P. Hurley,* for the defendant.

*J. Saklad,* (*H. J. Levi* with him,) for the plaintiff.

SPALDING, J.   In this action of tort the jury returned a verdict for the plaintiff on the first and second[1] counts and the case is here on the defendant's exception to the denial of his motion for a directed verdict.

The jury could have found the following facts: In July, 1943, the plaintiff became a tenant at will of the owner of an apartment house numbered 95 Gordon Street in the Allston district of Boston.   In September of that year the defendant became the owner of the premises and the plaintiff continued to occupy them as a tenant at will.   At the entrance to the premises is a porch or vestibule, and three steps leading to a public sidewalk.   This entrance was the

---

[1] In the first count the plaintiff alleged that she was injured by reason of an unnatural accumulation of ice which the defendant had carelessly and negligently suffered to remain on his premises for an unreasonable length of time.   In the second count it is alleged that the defendant allowed a certain portion of his premises to remain in such a condition that water could flow in an unnatural manner onto the front porch thereof so that ice formed there for an unreasonable time.

one ordinarily used by tenants and it was agreed that it was in the control of the defendant. In the center of the ceiling of the portico was an electric light fixture. At the time the plaintiff moved into the premises in July, 1943, this "fixture was in position and perfectly all right." When the defendant "took over the premises in . . . September, 1943, the condition of the fixture was the same as when . . . [she] first moved in." Later, in November, the plaintiff noticed that the fixture was different; it was "loose and hanging down with about a length of wire about seven or eight inches, and the fixture was on the end of it." In the ceiling there was a hole where the fixture had been and this condition existed on March 21, 1944, when the accident occurred.

Prior to the accident the plaintiff had on several occasions noticed water coming through that hole on rainy days and she had brought this to the attention of the defendant's janitor "about three times during the winter." Water coming from the hole would "come down in a regular stream in front of the door" and then "spread out down over the steps to the sidewalk."

At 9:45 P.M. on March 21, 1944, the plaintiff while leaving the premises slipped and fell on an accumulation of ice that had formed on the top step and "protruded down over onto the sidewalk." She slipped at "about the center of the top step." The ice "formed from the water leaking through and around the hole in the portico." It had snowed from 10:48 P.M. on March 19 to 1 A.M. on March 21.

The plaintiff was entitled to go to the jury on the second count. To recover the plaintiff was required to prove that her injury was caused by the defendant's failure to exercise reasonable care to keep the part of the premises remaining in his control in as safe condition as it was in or appeared to be in at the beginning of the tenancy. *Silver* v. *Cushner*, 300 Mass. 583, 584–585. *Rogers* v. *Dudley Realty Corp.* 301 Mass. 104, 105. From the facts recited above the jury could have found that the condition of that part of the defendant's premises became defective subsequent to the time of the letting and that the defendant failed to exercise

reasonable care to remedy it. It also could have been found that this condition contributed to cause the plaintiff's injuries.

In view of the conclusion reached it is not necessary to consider whether, as the plaintiff has argued, the evidence would have warranted a verdict on the ground that the defendant had assumed the duty of keeping the steps free of ice and had failed to perform it. See *Nash* v. *Webber*, 204 Mass. 419, 424–425; *Erickson* v. *Buckley*, 230 Mass. 467. Compare *McNeill* v. *Home Savings Bank*, 313 Mass. 664, 667.

*Exceptions overruled.*