JOSEPHINE BALDWIN *vs.* SUSAN J. WILLIAMS, trustee.

Suffolk.   March 7, 1950. — June 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common passageway. *Negligence,* Invited person.

The mere fact that injuries to one having business with the tenant of a store in a building were due to a defect in the floor of a common vestibule giving access to the store did not show that the owner of the building had extended a direct invitation of his own to the injured visitor to use the vestibule or that the rights of the visitor against the owner were greater than those of the tenant.

There was no liability on the part of the owner of a business building to
one who entered the building on business with a tenant of a store
therein and solely at the storekeeper's invitation and who was injured
by a defect in the floor of a common vestibule giving access to the
store, where the evidence showed that the defect had not existed at
the time the storekeeper's tenancy began and that it had existed for
several months before the injury to the visitor occurred, but did not
show when the owner acquired the building or when, if ever, the store-
keeper became a tenant of his.

TORT. Writ in the Superior Court dated April 1, 1947.
The action was tried before *Beaudreau,* J.

T. B. *Shea,* for the plaintiff.

P. R. *Frederick,* for the defendant.

COUNIHAN, J. This is an action of tort for personal
injuries. It was submitted to a jury who returned a verdict
for the plaintiff. Under leave reserved the judge entered
a verdict for the defendant. The exception of the plaintiff
to that entry presents the only question in this case.

The plaintiff was injured by a fall alleged to have been
caused by a defect in the floor of a common vestibule at the
entrance of the building 250 Boylston Street, Boston, on
April 27, 1946. She was a business invitee of one Salania,
doing business as the Milltex Hosiery, who occupied a
store on the first floor of the building. The entrance to the
store was from this vestibule. The building was conceded
to have been owned by the defendant at the time of the
accident. The only evidence as to the tenancy of Salania
was that he became a tenant in that building in 1944 or
1945 under a lease. The lessor and the terms of the lease
are not shown by the evidence. When that tenancy began
the vestibule did not have the defect which caused the
accident. The plaintiff testified "that she had seen the
hole there for about four months when she came to that
store." There was no evidence as to when the defendant
became the owner of the building or when, if at any time,
Salania became a tenant of the defendant.

There was no error in the action of the judge in entering
a verdict for the defendant. The measure of duty owed by
a landlord to his tenant and to a business visitor of a tenant

with respect to common passageways is well settled. The rights of a business visitor are measured by the legal obligation which the landlord owes to his tenant. His duty in respect to a common passageway under his control "is that of due care to keep it in such condition as it was in, or purported to be in, at the time of the letting." *Andrews* v. *Williamson*, 193 Mass. 92, 94. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205. *Sneckner* v. *Feingold*, 314 Mass. 613, 614. *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, 172. *Brown* v. *A. W. Perry Co.* 325 Mass. 479, 481. Here there was no evidence as to when, if ever, a tenancy between the defendant and Salania began, and it could not be determined whether any change occurred in the condition of the vestibule during such tenancy, if any existed.

It was said in *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, 172, "that it has now become accepted as the law of this Commonwealth that an owner who lets different portions of his building to different tenants, retaining control of the common approaches, does not, by that fact alone without more, extend a direct invitation of his own to all persons having occasion to do business with his tenants, and that such persons enter under the invitation of the tenants, to whose rights they are limited." What legal obligation the defendant owed Salania and what rights Salania had in these premises, the evidence does not disclose.

In *Sullivan* v. *Belding*, 315 Mass. 701, the owners had leased the entire building to lessees who in turn sublet part of it to a tenant of which the plaintiff was a business invitee. In an action against the owners for injuries caused by a defect in a common stairway, directed verdicts for the defendants were sustained because of no evidence of control on the part of the defendants. There was nothing in the evidence here to preclude the existence of a similar situation.

*Exceptions overruled.*