MARY PANSKY *vs.* SOPHIE ABRAMS, trustee.

Suffolk.    November 28, 1955. — January 5, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Landlord and Tenant,* Time of letting, Landlord's liability to tenant or one having his rights, Common stairway.

At the trial of an action by one who had been an occupant of premises for "about eleven years" to recover for personal injuries sustained in a fall on a defective front step of the premises three years before the trial when they were owned by the defendant, testimony by the

defendant's father that he became agent for the defendant when she purchased the premises and testimony by him which was little more than a guess that she purchased them about "eight or nine years ago," together with testimony by another witness that twelve years before the trial the defendant's father "introduced himself as the new landlord," left the time when the plaintiff's tenancy under the defendant began a matter of conjecture. [429]

A finding of liability of a landlord to a tenant for injuries allegedly sustained in a fall on a defective front step of the premises in question was not warranted where the evidence did not fix the time when the tenancy began nor show that whatever specific condition caused the fall did not exist when it began, even assuming that the steps were then in a better condition generally than at the time of the fall. [430]

TORT. Writ in the Superior Court dated September 17, 1951.

The action was tried before *Warner, J.*

In this court the case was submitted on briefs.

*Paul Karger & Gordon Needleman,* for the defendant.

*Nathan Fink & George F. Himmel,* for the plaintiff.

WHITTEMORE, J. The plaintiff brought this action of tort to recover for injuries which according to the declaration were sustained on August 3, 1951, when she was caused to fall on a defective front step of property which stood in the name of the defendant, and in which the plaintiff resided. The answer was a general denial and an averment of contributory negligence.

The defendant duly excepted to the denial of a motion for a directed verdict. The jury found for the plaintiff. The case here was submitted on briefs. On the case submitted to us the motion should have been granted.

The bill of exceptions does not disclose the cause of the fall, or indeed, except by implication from references to "the accident" and to "the time Mrs. Pansky fell," that it occurred. But since the parties have argued only the points that (as stated by the defendant) "the plaintiff presented no evidence as to the time of letting and no evidence of probative value as to the condition of the steps at the time of the letting," we pass beyond the obvious threshold failure to show us any basis for sending the case to the jury and consider the issues argued.

The plaintiff had been an occupant of the premises for "about eleven years." The only evidence of the time when a landlord-tenant relation between the plaintiff and the defendant arose was from the defendant's father who said he became the agent for her when she purchased the property, that he could not remember the exact year "but when pressed, [he] stated that it was about eight or nine years ago that he thought so, and when asked is that substantially the length of time, he testified I do not know, if I could look up the records I could give you an answer." See *Shwartz* v. *Feinberg*, 306 Mass. 331. This at best left the "eight or nine years" as not much more than a guess (see *Brownhill* v. *Kivlin*, 317 Mass. 168, 170; *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405) and the limits of the period within which the defendant's ownership began, a matter of conjecture. Another witness testified that she first met Siegel (the defendant's father) in 1942 "when he introduced himself as the new landlord." The bill does not disclose whether he owned the property before his daughter did. That possibility was open and this testimony is not evidence that the defendant took title in 1942. "Eight or nine years ago" would presumably have been in 1945 or 1946 as the trial was held in November, 1954, and the uncertainty as to whether the tenancy began in those years or before or after them is important in view of the evidence as to condition in the different years.

There was evidence that "for at least two years prior to the accident the stairs were in a horrible condition," "that the same condition had existed on the steps at the time Mrs. Pansky fell, as had existed four or five years ago," that "in 1947 and for four and one half years [there]after the stairs were in very bad condition," that the defendant's father "had received complaints concerning the condition of the steps and that he fixed them whenever he received such complaint." The only evidence from which it could be concluded that the steps were in a better condition prior to 1951 than in 1951 was to the effect that for the first four or five years of the tenancy of another witness, dating from

1939, the steps were all right, and that they were in good condition when she moved in. The steps were exposed to the weather and if the beginning of the tenancy could have been found to be in that period (1939 to 1943 or 1944) or within some time thereafter, a significant deterioration in the steps generally could have been found. *Griffin* v. *Rudnick*, 298 Mass. 82. *McGeorge* v. *Grand Realty Trust*, 316 Mass. 373.

But that does not avail the plaintiff here. Nothing fixed the extent of the period within which the tenancy began, and even if we were to assume that, whenever it did begin, the steps were in better condition generally than in 1951, there is nothing to show that whatever specific thing caused the plaintiff to fall on August 3, 1951 (assuming, which we are not expressly told, that such event occurred), did not exist at the beginning date. *Boisse* v. *Goldberg*, 306 Mass. 336. *Sneckner* v. *Feingold*, 314 Mass. 613. *Baldwin* v. *Williams*, 326 Mass. 177.

*Exceptions sustained.*