LILLIAN GOODMAN & another *vs.* FREDERICK SMITH.

Suffolk.    November 5, 1959. — February 4, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
CUTTER, JJ.

*Landlord and Tenant,* Common attic, Landlord's liability to tenant or
one having his rights.

A finding that there was a breach of the duty owed by the owner of an
apartment building to a tenant of an apartment therein was warranted
by evidence that at the beginning of the tenancy the floor of a common
attic in the control of the owner, which the tenant had permission to
use, was or appeared to be in good condition, that subsequently the
existence of loose boards in the floor was reported to the owner, that
four or five weeks later the tenant was injured when a piece of board
in the floor slipped and her leg went through the floor and a ceiling
below, and that the owner went to the attic frequently and made
inspections of the floor.

TORT.    Writ in the Superior Court dated July 12, 1954.

The action was tried before *Smith,* J.

*Charles O. Monahan,* (*Louis Goldblatt* with him,) for the
defendant.

*Morris Michelson,* for the plaintiffs.

COUNIHAN, J.    In this action of tort Lillian Goodman,
hereinafter called the plaintiff, who with her husband,
Lester H. Goodman, was a tenant of the defendant, seeks to
recover damages for personal injuries sustained by her on
or about June 15, 1954, by reason of the negligent main-
tenance by the defendant of the floor of the attic of a three
family dwelling house numbered 12 Spencer Street, Dor-
chester.    Her husband also seeks consequential damages.

At the close of the evidence the defendant filed a motion
for directed verdicts which was denied subject to an ex-
ception of the defendant.    The jury under leave reserved
returned verdicts for both plaintiffs and the defendant filed
a motion for the entry of verdicts for him which was also
denied subject to an exception of the defendant.

The judge reported the action to this court to determine, we assume, the correctness of his action in denying these motions.  G. L. c. 231, § 111.

In the meantime the defendant filed a motion for a new trial upon which the judge reserved action until this court acted upon the report.  We think that the judge was right in denying the defendant's motions.

On evidence most favorable to the plaintiff it appears that Mr. and Mrs. Goodman became tenants on the first floor of this dwelling house on February 1, 1953.  They were then given permission by the defendant to use the attic and the cellar for storage in common with the defendant who occupied the second floor and another tenant who occupied the third floor.

The defendant called as a witness by the plaintiff testified that at the time the Goodmans moved in he was familiar with the condition of the floor of the attic and that it was in good condition.  That part of the attic floor leading from the entrance to a chimney in the middle of the attic was covered with boards of various lengths which apparently were nailed to the stringers of the attic floor.  No flooring covered the stringers on the rest of the attic.  When the plaintiff first observed the attic floor where boards covered the stringers that part of the floor looked as normal as any other attic floor.  About four or five weeks before the accident her husband stored a spring and a mattress in the attic and there were some loose floor boards there.  Her husband reported that condition to the defendant who said he would take care of it.

On the day of the accident the plaintiff went to the attic to store some dishes, assuming that the defendant had taken care of the floor.  She placed them on the floor near the chimney and as she turned around to walk to the door of the attic a piece of board which was part of the floor slipped and her leg went through the floor and the ceiling of the third floor apartment.  She sustained injury.

The defendant testified that he went to the attic fre-

quently, that he made inspections of the floor, that at all times he knew the condition of it, and that he never saw any defects in it. After the accident he saw the piece of board which had slipped out. It was about fifteen inches long, seven eighths of an inch thick, and three and one half inches wide at one end tapering down to a point at the other. There was a broken piece of it lying loose. This board had very little support on the stringer; it was practically flush with the end of the stringer. After the accident he put a padlock on the attic door.

It is settled in this Commonwealth that, where a landlord retains control over common areaways used by tenants in connection with demised premises, he owes to the tenants the duty to use reasonable care to keep the common areas in as good a condition as that in which they were or appeared to be at the time of the creation of the tenancy. *Conroy* v. *Maxwell*, 248 Mass. 92, 96. *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, 172. *Stedfast* v. *Rebon Realty Co. Inc.* 333 Mass. 348, 350. The burden is on the plaintiff to show that her injury was the result of a change in the condition of the premises which in the exercise of reasonable care and diligence the defendant should have discovered long enough before the accident to have repaired or remedied it. *Furber* v. *Rodney*, 331 Mass. 16, 18–19. We think that the evidence in the case at bar as we have recited it was amply sufficient to sustain such burden.

We further are of opinion that the jury were warranted in finding that the plaintiff stood upon a loose board in the floor of the attic which was in the control of the defendant and that the defendant had or should have had in the exercise of reasonable care knowledge of this defect. Furthermore we think that because of the information conveyed to him by the husband of the plaintiff regarding this condition the jury could have found that the defendant had a reasonable time to remedy it. *Dreher* v. *Bedford Realty, Inc.* 335 Mass. 385, 388, 389.

The verdicts rendered by the jury in favor of the plaintiffs are to stand and judgments are to be entered upon them

unless they shall be set aside after hearing upon the motion of the defendant for a new trial already filed.

*So ordered.*