Dias v. Woodrow.

━━━━━

EVELYN DIAS & another *vs.* SUMNER WOODROW & another.

Suffolk. February 8, 1961. — March 9, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant,* Control of premises, Landlord's liability to tenant or one having his rights.

A finding that the owner of a building having an outside entranceway leading only to a store rented to a tenant was in control of a step in the entranceway when a customer of the tenant fell on the step was not warranted by evidence merely that before the accident the owner had a janitor clean the entranceway and that after the accident the owner had the step repaired. [220]

Even if the owner of a building was in control of a defective step in the entranceway to a rented store in the building when a customer of the tenant fell on the step and was injured, a breach of the owner's duty to the customer was not shown in the absence of any evidence as to the condition of the step at the time of the letting of the store to the tenant. [221]

TORT for personal injuries sustained on January 29, 1957, and for consequential damages. Writ in the Superior Court dated December 31, 1957.

The action was tried before *Donahue,* J.

*George Michaels,* for the plaintiffs, submitted a brief.

*Philander S. Ratzkoff,* for the defendants.

SPIEGEL, J. This is an action of tort in which the plaintiff Evelyn Dias seeks to recover for personal injuries

Dias *v.* Woodrow.

incurred when she fell while leaving a store named "Kramer's Delicatessen" rented to the defendant Nathan Kramer and located in a building owned by the defendant Sumner Woodrow. Her husband seeks to recover consequential damages resulting from the same injury.

A trial was had in the Superior Court in which the judge allowed the motion for directed verdicts filed by the defendant Woodrow at the conclusion of the evidence. Just prior to the allowance of the defendant Woodrow's motion for directed verdicts it was agreed by counsel for Woodrow and the plaintiffs' counsel and read into the record "that if the case of the plaintiffs should have been submitted to the jury on counts 1 and 3[1] . . . judgment is to be entered for the plaintiffs on those counts in the same amount found by the jury as damages on counts 2 and 4." The jury returned verdicts for Evelyn Dias and for her husband against Kramer. After the trial, the judge allowed Woodrow's motion to vacate the stipulation for the reason "that the damages were excessive." The plaintiffs excepted to the allowance of the defendant Woodrow's motion for directed verdicts and vacation of the stipulation entered into.

The evidence, stated most favorably to the plaintiffs, is that Evelyn Dias on leaving "Kramer's Delicatessen" after having made a purchase caught her heel on a wooden step outside the store in an entranceway which led only to and from "Kramer's Delicatessen" and fell "at or near the curb" on the street below. The wooden step was "about three feet long, with the 'lip' eaten away, splintered and with two rusty nails sticking out from the lip about three quarters of an inch to one inch on the right hand side of said stair as one goes out of the store." At the time of her fall Evelyn Dias was four months pregnant and subsequently the baby was "still born."

The building in which "Kramer's Delicatessen" is located was purchased in 1955 by a partnership of which the defendant Woodrow was a member. Kramer had been a

---

[1] Counts 1 and 3 were against Woodrow and counts 2 and 4 against Kramer.

tenant when the partnership purchased the property and continued on as a tenant at will without a written lease. Woodrow testified that he "did not know what the condition of the wooden step at Kramer's Delicatessen was when the partnership became owners." There was testimony that prior to the accident Woodrow had a janitor clean the entrances of all the stores in the building and that after the accident he had the wooden step outside "Kramer's Delicatessen" repaired. This evidence was allowed to be introduced as bearing on the issue of control.

The burden of proof was on the plaintiffs to show that (1) the landlord, Woodrow, had control of the wooden step, *Sullivan* v. *Belding,* 315 Mass. 701, 703, *Baldwin* v. *Williams,* 326 Mass. 177, 179, *Leonardo* v. *Great Atl. & Pac. Tea Co.* 340 Mass. 450, 453; (2) the defect in the wooden step did not or did not appear to exist at the time of the creation of Kramer's tenancy, *Shwartz* v. *Feinberg,* 306 Mass. 331, 334, *Goodman* v. *Smith,* 340 Mass. 336, 338; and (3) there was a causal connection between the defect and the injury. *Merwin* v. *DeRaptellis,* 338 Mass. 118, 120.

The plaintiffs have not sustained their burden of proving that the landlord Woodrow was in control of the wooden step on which Evelyn Dias tripped, and therefore verdicts were properly directed for the defendant Woodrow. The only evidence introduced by the plaintiffs to show that Woodrow had control was that he undertook to clean the entranceway in which the step was located and that after the accident he repaired the defective wooden step. Maintenance of the entranceway by Woodrow does not have the effect of placing it under his control. *Leonardo* v. *Great Atl. & Pac. Tea Co.* 340 Mass. 450, 454. There is no evidence that Woodrow ever repaired the wooden step other than the one time after the accident. This might well have been a voluntary undertaking on the part of Woodrow and as such insufficient to prove that the wooden step was in his control at the time of the accident. *Shepard* v. *Worcester County Inst. for Sav.* 304 Mass. 220, 222–223. *Minkkinen* v. *Nyman,* 325 Mass. 92, 94–95. In addition, the entrance-

way where the wooden step was located led exclusively to "Kramer's Delicatessen" and would therefore appear to be part of the demised premises and, consequently, within the control of the tenant. See *Minkkinen* v. *Nyman,* 325 Mass. 92.

Even if it be conceded that the wooden step was within the control of the defendant Woodrow, the plaintiffs have failed to sustain their burden of proving that there was a breach by Woodrow of the duty of care owed to Evelyn Dias. The measure of duty owed by a landlord to a business visitor of a tenant with respect to that part of the premises under the landlord's control is that of due care to keep it in such condition as it was in, or appeared to be in, at the time of the letting. *Baldwin* v. *Williams,* 326 Mass. 177. *Donnelly* v. *Larkin,* 327 Mass. 287. There was no evidence of the condition or appearance of the wooden step at the time of the letting to Kramer; therefore "there is nothing upon which to base a possible breach of . . . [Woodrow's] duty." *Shwartz* v. *Feinberg,* 306 Mass. 331, 334. *Baldwin* v. *Williams,* 326 Mass. 177.

Since the plaintiffs on the basis of the evidence most favorable to them failed to establish a case against the defendant Woodrow verdicts were properly directed in his favor.

In the light of our opinion it is unnecessary to discuss the action of the trial judge in vacating the stipulation entered into by counsel.

*Exceptions overruled.*