SAMUEL J. ISENBERG *vs.* ROSE LUSHAN.

Suffolk.   November 7, 1961. — December 8, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Entranceway.

Even if the owner of a leased store retained control of the entranceway and a step adjacent to an inclined sidewalk, the owner was not liable for injuries sustained by an invitee of the lessee through falling at the entranceway where there was no evidence of any change in the condition of the entranceway and step between the time of the leasing and the time of the injury.

TORT.   Writ in the Superior Court dated March 31, 1959. The action was tried before *Swift,* J.

*Charles W. O'Brien,* for the defendant.

*Leo V. Concannon, (Edward M. Dangel & Leo E. Sherry* with him,) for the plaintiff.

SPIEGEL, J.   This is an action of tort for personal injuries sustained by the plaintiff when he fell while leaving a store owned by the defendant and leased to Rita Kolikoff for the purpose of conducting a "beauty parlor." The jury returned a verdict for the plaintiff and the case is here on the defendant's exceptions to the admission of certain evidence, to the denial of her motion for a directed verdict, and to certain portions of the judge's charge.

The evidence stated most favorably to the plaintiff is herewith summarized.   On October 21, 1958, Mrs. Kolikoff called the plaintiff into her place of business to inquire why his wife "had stopped coming to the beauty parlor." As he was leaving, he opened the door and Mrs. Kolikoff "started to ask him a question." He turned to answer her and fell.   While he was holding the door open, his foot was near the step at the entranceway.   The sidewalk in front of the store was at an incline and the step was about five or six inches above the sidewalk.   "[T]he step becomes less

as you move from the north to a southerly direction."
"[T]here was a little incline in the entrance platform which
drops towards the sidewalk." The step was constructed
"before Mrs. Kolikoff took the lease."

The store was leased to Mrs. Kolikoff beginning March
15, 1958, under a lease which described the demised prem-
ises as "the store with the basement thereunder numbered
and known as 1614 Commonwealth Avenue." Mrs. Koli-
koff testified that "she spoke to Mr. Lushan about the con-
struction of the premises in reference to the grade"; that
"she wanted the grade changed"; and that "he was going
to correct it for her so it would go directly into the door,
because of the unevenness of the concrete." After the
plaintiff's injury, Lushan, the defendant's husband, had
the step removed.

Lushan testified that he or the defendant "managed and
controlled the premises . . . at all times from the date of
their purchase up to the present time." He also testified
that he first learned of the plaintiff's injury when he re-
ceived a letter from the plaintiff's attorney and that he sent
the letter to the insurance company.

A pre-trial agreement entered into between the parties
and read to the jury stated that the defendant's husband
"acted as her agent with respect to the management affairs
and control of the property . . . , including, but not limited
to, all matters relating to repairs and alterations to and the
leasing of the aforementioned premises from the original
purchase of the property by Rose Lushan to the present
time."

Assuming, without deciding, that the defendant retained
control over the entranceway and step, the duty owed by
the defendant to the plaintiff with respect to those portions
of the premises "is that of due care to keep . . . [them] in
such condition as . . . [they were] in, or appeared to be in,
at the time of the letting." *Dias* v. *Woodrow,* 342 Mass.
218, 221. *Baldwin* v. *Williams,* 326 Mass. 177, 179. *Don-
nelly* v. *Larkin,* 327 Mass. 287, 290.

The defect which the plaintiff complains of appears to be
the construction of the entranceway and step with respect

to the adjacent sidewalk. There is evidence that the construction was completed prior to Mrs. Kolikoff's tenancy. There is no evidence of any change in the condition of the entranceway and step during the period between the construction and the injury.

The plaintiff had the burden of proving that the alleged defect did not exist nor appear to exist at the commencement of the tenancy. *Goodman* v. *Smith,* 340 Mass. 336, 338. *Dias* v. *Woodrow,* 342 Mass. 218, 220. This he failed to do. The defendant's motion for a directed verdict should have been granted.

In view of the foregoing there is no point in our discussing the other exceptions.

*Exceptions sustained.*
*Judgment for the defendant.*