Rescripts.

JOHN E. MORRIS *vs.* ABRAHAM LODGEN. January 12, 1962. Exceptions overruled. This is an action of tort for injuries sustained by the plaintiff when he slipped and fell on the front stairs of a building owned by the defendant. At the time of the injury the plaintiff was making a social call upon his daughter, a tenant in the building. The plaintiff excepted to the entry of a verdict for the defendant under leave reserved. On direct examination the tenant testified that the stairs appeared to be "okay" in May, 1957, the beginning of her tenancy; that she first noticed a change in the condition of the stairs in November of 1957 "in that they were cracked." On cross-examination she testified that she did not see any cracks in May, 1957, and that she did not look for any. She was then asked, "Do you wish to leave it that you don't know whether there were any cracks there or not in May of 1957?" She answered, "Yes." The witness, having made two inconsistent statements concerning the condition of the stairs at the commencement of her tenancy and finally adhering to one, is bound by the one adhered to. *Sullivan* v. *Boston Elev. Ry.* 224 Mass. 405, 406. *Osborne* v. *Boston Consol. Gas Co.* 296 Mass. 441, 444. The plaintiff, through an interrogatory propounded to the defendant, asked him to "[s]tate the condition of the premises, especially the front stairway" at the time of the letting. The defendant's answer that "[they were] [i]n fair condition" obviously does not aid the plaintiff. Other than the testimony of the tenant, no additional evidence was introduced on this point. The plaintiff failed to sustain the burden of proving that the defect which allegedly caused the injury did not or did not appear to exist at the commencement of the tenancy. See *Goodman* v. *Smith,* 340 Mass. 336, 338; *Dias* v. *Woodrow,* 342 Mass. 218, 220. There was no error.

*William G. Burke,* for the plaintiff.
*Robert W. Cornell,* for the defendant.

SCHOOL COMMITTEE OF IPSWICH *vs.* SUPERIOR COURT. February 2, 1962. Order for judgment affirmed. After *MacKenzie* v. *School Comm. of Ipswich,* 342 Mass. 612, the school committee brought this petition for a writ of certiorari. The single justice ordered judgment quashing the decree of the Superior Court and affirming the vote of dismissal. The only appeal is by the school teacher as "a person aggrieved." See G. L. c. 213, § 1D (as amended through St. 1957, c. 155). See also *Marcus* v. *Commissioner of Pub. Safety,* 255 Mass. 5, 8. The validity of the dismissal being resubmitted to us on substantially the same record calls for no lengthy statement. The appellant admits that one contention she makes was decided adversely to her in our previous decision. Other contentions, she argues, were not so covered. We do not agree. As this is merely a matter of carefully reading the prior opinion, we need not elaborate. One contention we shall notice expressly. The single justice could properly assume that dismissal would have been voted upon the basis of the one charge of unbecoming conduct upheld by the Superior Court judge. In a letter to the appellant the school committee listed grounds for possible dismissal, stating "each such ground being considered by the school committee to be an independent and sufficient ground."

*Blair L. Perry,* for Cecelia Z. MacKenzie.
*Harold M. Willcox,* Town Counsel, for the School Committee of Ipswich.