MARGARET CREA *vs.* LEONAS STUNZENAS & another.

Suffolk.     March 5, 1962. — May 4, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Common stairway.

A finding that there was a breach of the duty owed by the owner of an apartment building in control of a common outside stairway to a tenant of an apartment who was injured when she slipped and fell on a platform of the stairway on ice which had formed from water dripping from a piazza above the platform was warranted by evidence that a sagging condition of the piazza which caused the dripping when it rained did not exist at the commencement of the tenancy but had existed since a time eight months thereafter and about a year and a half before the accident.

TORT. Writ in the Superior Court dated September 25, 1958.

The action was tried before *Swift,* J.

*Sturtevant Burr,* (*James J. Myers* with him,) for the defendants.

*Lovell S. Spaulding, Jr.,* for the plaintiff.

SPIEGEL, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff, a tenant of the first floor of a building owned by the defendants, when

she fell upon an outside stairway platform.   A verdict was returned for the plaintiff and the case is here on the defendants' exception to the denial of their motion for a directed verdict.

The defendants agreed that they were the owners of the premises in question on the date of the accident; that the plaintiff was a tenant; that the defendants were in control of the common stairways and passageways; and "that the plaintiff sent a sufficient snow and ice notice, which was received by the defendants within the time required."

We state the facts most favorable to the plaintiff.   The plaintiff had been a tenant of the third floor apartment of the defendants' building prior to 1956 and in February, 1956, she and her family moved to an apartment on the first floor.   There were porches at the rear of the house, one above the other, at the first, second, and third floors.   There was a platform at the rear of the plaintiff's apartment.   This platform was " 'in back, coming down from the stairways' and there were four stairs going from the platform to the ground."

It had been snowing on March 16, 1958, but had stopped snowing at about 9 P.M.   The plaintiff went on the porch at about 12:15 A.M. to take her dog out and as she put her right foot down to step on the platform "it hit something and it just skidded under . . . [her]."   She noticed a "skid mark" where she had fallen and there was "snow and ice and slush."   Water was dripping from the porches above onto a "little mound of ice."

The plaintiff did not notice the condition of the porches before moving to the first floor in February, 1956.   About eight months after moving she noticed "that the piazza was sagging a little toward the beam above where the platform was" and that any time it rained "you could notice the water dripping from the piazza onto the platform and steps."

After the accident, "there was a new beam and a new platform fixed on the back porch" and some posts supporting the porches were replaced.

With respect to common areas used by tenants over which the landlord retains control, the landlord owes to his tenants "the duty to use reasonable care to keep the common areas in as good a condition as that in which they were or appeared to be at the time of the creation of the tenancy." *Goodman* v. *Smith,* 340 Mass. 336, 338. There was sufficient evidence to warrant a finding that the platform on which the plaintiff fell was part of a common rear stairway over which the defendants retained control.

The plaintiff has the burden of proving that the condition of the piazza which caused water to drip onto the platform arose after the commencement of the tenancy. *Bailey* v. *Golburgh,* 320 Mass. 309, 310. There was evidence from which the jury could infer that the sagging condition did not exist at the commencement of the tenancy but did exist eight months thereafter. *Griffin* v. *Rudnick,* 298 Mass. 82, 84–85. *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 375.

The accident took place more than a year after the plaintiff noticed the sagging condition. The jury could have found that the defendants in the exercise of reasonable care should have discovered the defect "long enough before the accident to have repaired or remedied it." *Goodman* v. *Smith,* 340 Mass. 336, 338.

There was no error in the denial of the defendants' motion for a directed verdict.

*Exceptions overruled.*