*Southern District*
**ANNA D. SOUZA**
**v.**
**MAIA COELHO**

*Present*: Nash, P. J.& Cox, J.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 5411.

*Cox, J.* This is an action of tort in which the plaintiff seeks to recover damages for personal injuries which she sustained when she fell on two occasions on a stairway in the defendant's premises at 102 Acushnet Avenue in the City of New Bedford. There was a finding for the plaintiff which awarded damages for injuries resulting from both falls. The case was reported because the defendant claims to be aggrieved by the refusal of the trial judge to allow her four requests for rulings and by his allowance of the plaintiff's eleven requests for rulings.

It is not disputed that on April 28, 1961, the plaintiff became the defendant's tenant at will of an apartment on the third floor of

the premises. Access to the plaintiff's apartment was by a stairway in the rear. The front stairs, where the two accidents occurred, led only to a second floor apartment occupied by one Maia.

The plaintiff testified that on *October* 20, 1961, the plaintiff fell the first time while going up the front stairs to care for Maia, the second floor tenant. "She got to the *fifth* step, put her foot down on the rubber mat, missed, and didn't know how she fell." "When she stepped with her right foot the mat raised a little near the right edge."

She further testified that on *November* 8, 1961 she again fell on the *third* step; that her foot got under the mat; that two tacks holding the mat pierced her lower leg; and that she fell down. On cross-examination she testified that the fall took place on the *fifth* step, and that she did not know whether or not her foot touched the fifth stair rubber mat. At this point the judge stated "She stubbed her toe." The plaintiff further testified "that she knew some of the stair treads were defective about a month before she fell, but did not specifically know of the fifth step mat being loose."

The plaintiff's mother, who occupied the first floor apartment, testified that she heard a noise when her daughter fell on *November* 20, 1961. We assume the second fall is alluded to. On cross-examination the plaintiff's mother testified that she did not see her daughter fall; that the rubber mat was lifted due to

the heat of the day; that her daughter caught her foot between the stair tread and the lifted mat; that she saw no nails in this rubber mat; and that previously she had noticed that mats were worn and some were off their nails.

The defendant testified that she bought the property in September, 1959; that the stairway was then in good repair; that she did not install the rubber mats at any time and had no knowledge of their existence or condition at the time the plaintiff became her tenant because at that time she did not go upon the premises. She further testified that the plaintiff did not always allow her to enter the premises when the rent was collected.

The trial judge found that both accidents were due to a defective stair mat and found for the plaintiff. He made special findings.

■ The applicable law is clear.

"The duty of the landlord toward persons who come upon the premises to do business with his tenant is no greater than his duty to the tenant, and in the absence of special agreement that duty is to use reasonable care to maintain common approaches in as good condition as they were in or appeared to be in at the time of the letting to the tenant."

*McCarthy v. Isenberg Bros., Inc.,* 321 Mass. 170, 172.

■ It has recently been pointed out that in a case like this, the plaintiff has the burden to prove that (1) the landlady, the defendant Coelho, had control of the stairway; (2) the

defect in the step did not, or did not appear, to exist at the time of the creation of Maia's tenancy; and (3) there was a causal connection between the defect and the injury. *Dias v. Woodrow,* 342 Mass. 218, 220.

In our opinion the steps on the stairs where the plaintiff is found to have twice fallen were not shown to have been within the defendant's control. The stairs led exclusively to Maia's apartment on the second floor and must be held to have been appurtenant to and a necessary part of the premises rented to him. They were accordingly within Maia's control and not within the control of the defendant. The defendant was, therefore, under no legal obligation to Maia, or to the plaintiff as Maia's guest, to keep the stairway in repair. *Kearines v. Cullen,* 183 Mass. 298; *Minkkinen v. Nyman,* 325 Mass. 92; *Dias v. Woodrow,* 342 Mass. 218.

There was no evidence relating to any special terms of Maia's tenancy. The only evidence reported as bearing in any way on the issue whether the defendant had retained control of the stairway leading to Maia's second floor apartment was that she had the front stairway painted, presumably at about the time she bought the property in September, 1959, a considerable time before Maia became her tenant. This was not sufficient to sustain the plaintiff's burden that the defendant had retained control of the stairway when Maia became her tenant or that she was in control when the plaintiff

sustained her falls. *Dias v. Woodrow,* 342 Mass. 218.

■ There was testimony that would sustain a finding that the rubber mats were in good condition at the time the premises were let to Maia on April 28, 1961, but that matter has become immaterial as has the question of a causal connection between the defects and the injuries. As to the latter question, whether the defects described in the report were actionable, see *Snockner v. Feingold,* 314 Mass. 613.

It was error to have allowed the plaintiff's requested ruling that the area in which the plaintiff fell and was injured was a common stairway under the defendant's control. Also, the defendant's request that the evidence warranted and supported a finding for the defendant should have been allowed. *The defendant should have judgment.*

M. David Scheinman, of New Bedford, for the Plaintiff.

Daniel P. David, of New Bedford, for the Defendant.