*Municipal Court of the City of Boston*
No. 35981
**DAVID JACOBS**

v.

**HENRY W. NEWBEGIN
AND
WILLIAM T. KING,
CO-TRUSTEES, D/B/A KING'S TERMINAL**

Argued: January 7, 1966. Decided: February 11, 1966.

*Present*: Adlow, C.J., Shamon & Foster, JJ.
Case tried to *Glynn, J.*

*Shamon, J.* This is an action of tort in which the plaintiff seeks to recover for personal injuries occurring on the 15th day of October, 1958 in the premises owned and operated by the defendants on Summer Street in the City of Boston.

The plaintiff was a business invitee of a tenant, the Boston Toplift and Cut Sole, Inc., which occupied a loft on the third floor of the premises. The injuries were suffered purportedly when the plaintiff was using the freight elevator, maintained and in the sole control of the defendants for use by its tenants including the Boston Toplift & Cut Sole,

Inc., to which the plaintiff was carrying a bundle.

At the time the plaintiff, accompanied by one Joseph Friedman, an employee and officer of the Boston Toplift & Cut Sole, Inc., were each carrying a thirty-five pound box of leather goods. Friedman preceded the plaintiff in entering the elevator, and after he (Friedman) had entered by pushing up the elevator gate, the plaintiff, following him, was struck by the gate as he entered.

Friedman testified that the gate slipped off of two supporting elbows and that a couple of screws supporting a bar on one of the elbows had come loose from its mooring causing the gate to slip down on the plaintiff.

*There was evidence* by Friedman that the Boston Toplift & Cut Sole, Inc., had occupied the building for twenty-five years and that during the six months prior to the date of the accident, the defendant had repaired the gate on at least three occasions.

*There was evidence* by the plaintiff that he had used the elevator on previous occasions to go to the premises of the Boston Toplift & Cut Sole, Inc.

The court found for the plaintiff in the sum of $500. The defendant's grievance is based on the rulings of the judge on requests for rulings Nos. 1, 3 and 4.

Request for ruling No. 1 was:

"The evidence requires a finding for the defendant", which was denied.

Request for ruling No. 3 was:

"The evidence fails to establish that the defendants Henry W. Newbegin and William T. King, failed to use reasonable care to keep the common areaways in the same condition they were in or appeared to be at the time of the letting of the premises to Boston Toplift Company", which the judge denied and referred to his finding. Request for ruling No. 4 was:

"The evidence requires a finding that the plaintiff was not a business invitee in that portion of the premises where he sustained his alleged injury", which the judge denied.

The court found as follows:

"I find that the plaintiff was a business invitee on the premises of the defendants and was in the exercise of due care; and further find that the defendants undertook the repair of the elevator and performed the repairs negligently which caused the injury to the plaintiff; I further find that the elevator was not kept in the same condition as it was at the time of the original occupancy."

It is conceded that the plaintiff at the time of the accident was an invitee of the tenant, Boston Toplift & Cut Sole, Inc., and not of the defendant. See *McCarthy v. Isenberg Bros., Inc.,* 321 Mass. 170, 172-3.

It is settled in this Commonwealth that where a landlord retains control over common areaways used by tenants in connection with demised premises, he owes to the ten-

ants the duty to use reasonable care, to keep the common areaways in as good a condition as that in which they were or appeared to be at the time of the creation of the tenancy. *Conroy v. Maxwell,* 248 Mass. 92-96; *McCarthy v. Isenberg Bros., Inc.,* 321 Mass. 170, 172; *Stedfast v. Rebon Realty Co., Inc.,* 333 Mass. 348, 350.

The burden is on the plaintiff to show that his injury was the result of a change in the condition of the premises which in the exercise of due care and diligence the defendant should have discovered long enough before the accident and repaired it. *Furber v. Rodney,* 331 Mass. 16-18-19; *Baldwin v. Williams,* 326 Mass. 177; *Donnelly v. Larkin,* 327 Mass. 287.

There was no evidence of the condition or appearance of the elevator gate at the time of the letting to the Boston Toplift & Cut Sole, Inc., or the time of said letting; therefore, there is nothing upon which to base a possible breach of the defendant's duty. See *Shwartz v. Feinberg,* 306 Mass. 331, 334; *Baldwin v. Williams,* 326 Mass. 177.

The report contains nothing to indicate what repairs were done during the six months preceding the plaintiff's accident. The mere fact that there were loose screws at the time the gate fell and even though these loose screws caused it to fall, the report nowhere sets forth that these repairs were on the part of the gate where the screws were attached. The mere fact that the gate was

repaired three times within six months of the date of the accident cannot be the basis of an inference that the repairs and the loosening of the screws were connected.

The plaintiff failed to sustain the burden of proving that the defect which allegedly caused the injury did or did not appear to exist at the commencement of the tenancy. *Goodman v. Smith,* 340 Mass. 336, 338; *Dias v. Woodrow,* 342 Mass. 218; *Morris v. Lodgen,* 343 Mass. 778.

Denial of the defendants' third request for ruling was error.

*Finding for the plaintiff vacated. Entry to be made of finding for the defendants.*

Ober & Sobol of Quincy for the Plaintiff.

Robert L. Athas of Waltham for Defendant.

Darling & McLaughlin of Waltham on Defendant's brief.