## Northern District
### No. 6231
**PASQUALE AND MARY SAVASTANO**

v.

**ATLANTIC ENTERPRISES, INC.**

Argued: ——— 1966. Decided: May, 1966.

*Present*: Connolly, J. (Presiding), Parker and Yesley, JJ.

Case tried to *Darcy, J.* in the District Court of Lawrence, Civil No. R-566.

*Parker J. In this action of tort* the plaintiffs seek recovery for consequential damages and personal injuries caused to the plaintiff, Mary, by a fall on certain area alleged (1) to be

within the control of the defendant, and (2) maintained in a dangerous and negligent condition by the defendant. The material parts of the defedant's answer are (1) general denial, (2) that premises where the accident is alleged to have occurred were not then under the care, custody and control of a person or persons for whose conduct the defendant was legally responsible, and (3) that the injuries alleged were caused by acts of a third person over whom the defendant had no control.

As to the defendant's liability for the alleged defect and its control of the site of the alleged defect *there was evidence tending to show that* several years prior to the alleged accident the defendant hired an independent contractor who applied one course of "hot top" to an area of undetermined distance immediately adjacent to defendant's building, some indefinite portions of the area so "hot topped" being within the defendant's control and that during the application of the "hot top" and from that time up to the time of the accident the defendant made no inspection of the "hot top" area. Two photographs were in evidence, one showing a portion of the front of the defendant's building and the other a fair representation of the defective condition of the area in which the plaintiff fell.

The court found that the plaintiff, Mary, was an invitee of the defendant on the premises and in the area under the control of the

defendant, that the area where she incurred her injuries was in an unsafe condition, and that the plaintiff gave due notice to defendant, and found for the plaintiffs.

The defendant seasonably filed the following requests for rulings:—

"Upon all of the evidence, a finding for the plaintiffs is not warranted, upon the following grounds:

(a)  The evidence does not *warrant* a finding that the plaintiffs' alleged injury and damage were caused by any person for whose conduct the defendant is legally responsible.

(b)  The evidence does not *warrant* a finding that the plaintiffs' alleged injury and damage occurred in an area under legal control of the defendant."

These requests were denied by the court.

In its argument and brief the defendant limits its appeal to the proposition that the plaintiffs have not proved that the condition of the area where Mary allegedly fell, was within the legal responsibility of the defendant.

Therefore, the only question is whether there is any evidence upon which it could be found that the defendant was in legal control of the area where the accident occurred.

Liability for damage caused by condition of premises is dependent upon control of the area where the damage occurred through

ownership or otherwise. *Cassidy v. Welsh,* 319 Mass. 615, 619 and cases cited.

The burden of proving that the defendant is in control of the premises is on the plaintiffs. *Dias v. Woodrow,* 342 Mass. 218, 220; *Ruane v. Doyle,* 308 Mass. 418, 420; *Calabresa v. Lynch,* 271 Mass. 58.

There was no evidence to show the terms of the tenancy under which the defendant held the premises nor that the place where the plaintiff fell was leased to the defendant. The evidence was that the defendant, several years prior to the accident applied "hot top" to the area occupied by him and also to the locus where the plaintiff fell into a hole in the hot top surface. There was no evidence as to why or how this was done. In doing this the defendant may have been a volunteer. *Minkkinen v. Nyman,* 325 Mass. 92, 94-95; *Kearines v. Cullen,* 183 Mass. 298, 300.

On the evidence it could not be found that the defendant was in control of the place where the plaintiff fell. The court was in error in refusing to grant the defendant's request for ruling (b).

*The finding for the plaintiff is to be vacated and a new finding is to be entered for the defendant.*

John A. Driscoll for Plaintiff.

Raymond J. Kenney for Defendant.