Connolly, Thomas E., J.
This is an appeal under ch. 30A, §14(7) by Robert Toussaint, a Reading School custodian, from the denial without a medical panel examination of his Application for Accidental Disability Retirement under the provisions of ch. 32, §7(1) and 840 CMR 10.09 by the Reading Retirement Board. The denial was affirmed, after hearing, by the Division of Administrative Law Appeals (“DALA”) and the Contributory Retirement Appeal Board (“CRAB”).
There are two obvious mistakes made in the decision (11 pages) of Administrative Magistrate Joan Freiman Fink of DALA. They are as follows: (1) on page 5 of the decision, Finding of Fact #17 is in error which states that the Petitioner was out of work from October of 1999 through the end ofNovember 1999 (2 months), when in fact the documents and record shows that the Petitioner was out of work from October 1999 to November 21,2001 (2 years, 2 months) and (2) on page 6 of the decision, Findings of Fact #21 indicates that the Petitioner returned to work in January of 2002, when the record shows that he returned to work on November 21, 2001 following Botox injections to his spine as set out in Factual Finding #20 on page 5.
This case concerns three specific incidents at work where Petitioner injured his back or re-injured his back while working as a janitor for his employer in the Reading Public Schools. In October 1998, the Petitioner while mopping floors at the Reading High School felt a pop and then a sharp pain in his back. He reported the incident to his supervisor, Dominic Cacciapuoti, who filed an affidavit with DALA concerning the plaintiffs report of injury to him. The Petitioner did not take time off from work, but treated with his primary care physician, who in turn referred him to an orthopedic surgeon, James DeVellis, M.D. on May 6, 1999. As ordered by Dr. DeVellis, MRI were taken and revealed a small right paracentral focal disc protrusion or herniation seen at T 7-8.
On May 18, 1999, the Petitioner while mopping the floors in the bathroom felt extreme pain in his mid-back. He reported the incident to his supervisor, Mr. Cacciapuoti, and on May 21, 2002 an Employer’s First Report of Injury was filed some three years after the accident. The Petitioner continued to treat with his doctor and had to remain out of work from October 1999 through the end ofNovember 21,2001, for which time he received workers’ compensation benefits. He continued to treat with Doctor Vaisman, and in No *528 vember 2001, he returned to work. He continued to treat with Doctor Vaisman. His back pain started to intensify in the spring and summer of 2002. He was then referred to Joshua Hirsch, M.D. for further treatment. Doctor Hirsch performed a nucleoplasty procedure at the T 7-8 level on December 12, 2002. He returned to work in late December 2002. On January 3, 2003, the Petitioner, while bending over to pick up a piece of paper while sweeping the floor at the J oshua Eaton Elementary School, experienced extreme pain in his back.
The petitioner did not return to work subsequent to January 3, 2003.
“To qualify for accidental disability retirement benefits under ch. 32, §7(1), an applicant must prove permanent and total disability by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of his duties at some definite place and at some definite time.” Adams v. CRAB, 414 Mass. 360, 365 (1993). “In order to succeed on [his] application, the plaintiff had to prove that [his] disability arose [1] "either from a specific incident or series of incidents at work or [2] from an identifiable condition that is not common and necessary to all or a great many occupations." Zerofski’s Case, 385 Mass. 590, 595 (1982). Adams v. CRAB, 414 Mass. 360, 365 (1993)
Under # 1 (“a specific incident or series of incidents”] there is required to be a specific injury triggered by a specific incident(s) or happening(s) on the job.
Under #2 [from an identifiable condition that is not common and necessary to all or a great many occupations] there is required to be more than “wear and tear” on the employee. In other words, there is aline of cases which “deny recovery for bodily wear and tear resulting from a long period of hard work.” Spalla’s Case, 320 Mass. 310, 312 (1946). For example in Doyle’s Case, 269 Mass. 310, 312 (1929), a “laborer could not recover for a weakened back caused by years of hard labor — this worker had simply exhausted his physical energies.”
In Zerofski’s Case, 385 Mass. 590, the Court indicated that “(t]he line between compensable injury and mere ‘wear and tear’ is a delicate one . . .’’In Zerofski, id., the Supreme Judicial Court indicated a restatement of the range of harm covered by the Act, and stated as follows:
To be compensable, the harm must arise either from a specific incident or a series of incidents at work or from an identifiable condition that is not common and necessary to all or a great many occupations.
There simply is nothing in this case that would make it fall on the side of “wear and tear.” There are three specific incidents that went into causing the plaintiffs back injury all of which originated by specific incidents at work, and for which he was paid workers’ compensation.
For the Contributory Retirement Appeal Board and the Reading Board of Retirement, on this record to make the determination that this is a case of “wear and tear” is simply wrong and not supported by the substantial evidence, is arbitrary, an abuse of discretion, and an error of law.
ORDER
After hearing, the Court enters the following Orders:
1. The plaintiff, Robert Toussaint’s Motion for Judgment on the Pleadings is ALLOWED, the decisions of the Contributory Retirement Appeal Board and of the Reading Retirement Board are ordered VACATED, the matter is ordered remanded to the Contributory Retirement Appeal Board and the Reading Retirement Board and it is ORDERED that the Plaintiffs Application for Accidental Disability Retirement pursuant to ch. 32, §7 proceed in the usual course.
2. The defendant, Reading Retirement Board’s Motion for Judgment on the Pleadings Pursuant to Mass.R.Civ.P. 12(c) is DENIED.